2004-NMCA-033

86 P.3d 617

**Viola SANCHEZ, Plaintiff–Appellant,**

v.

**Josephine BORREGO, Defendant–Appellee.**

**No. 23,391.**

Court of Appeals of New Mexico.

Jan. 21, 2004.

Lorenzo E. Atencio, Familia Legal Services, Española, NM, for Appellant.

Bryan P. Biedscheid, Sawtell, Wirth & Biedscheid, P.C., Santa Fe, NM, for Appellee.

## OPINION

VIGIL, Judge.

{1} Viola Sanchez (Plaintiff) sued Josephine Borrego (Defendant) in a "Complaint for Breach of Real Estate Contract, Forfeiture and Ejectment." Plaintiff alleged Defendant purchased a house and real property pursuant to a real estate contract (Contract) and that Defendant failed to make monthly payments when due and she was therefore in default. Defendant denied there was a default under the Contract, contending that her duty to make payments had ceased. Plaintiff's motion for summary judgment was denied and the case was set for trial. The trial court then dismissed Plaintiff's complaint with prejudice because Plaintiff improperly failed to name her witnesses. Plaintiff appeals, contending: (1) she was entitled to summary judgment, and (2) dismissal of the complaint with prejudice for failure to properly name her witnesses was an abuse of

discretion. We hold Plaintiff was not entitled to summary judgment and that while the trial court properly exercised its discretion to preclude Plaintiff from calling any witness in her case in chief, this did not require dismissal of the complaint with prejudice. We therefore affirm in part and reverse in part.

**MOTION FOR SUMMARY JUDGMENT**

{2} Plaintiff is entitled to summary judgment only if there is no genuine issue of material fact and she is entitled to judgment as a matter of law. *See Bauer v. Coll. of Santa Fe*, 2003–NMCA–121, ¶ 2, 134 N.M. 439, 78 P.3d 76 (stating standard to grant motion for summary judgment). We must first determine whether the Contract is ambiguous, a legal question we review *de novo*. *See Boatwright v. Howard*, 102 N.M. 262, 264, 694 P.2d 518, 520 (1985) (stating whether an agreement contains an ambiguity is a question of law). In determining whether the contract terms are ambiguous, it is proper to consider the circumstances surrounding the making of the contract. If the Contract so construed is reasonably and fairly susceptible of different constructions, an ambiguity exists, and summary judgment is not proper. *See McNeill v. Rice Eng'g & Operating, Inc.*, 2003–NMCA–078, ¶¶ 13–14, 133 N.M. 804, 70 P.3d 794 (stating district court may consider circumstances surrounding making of contract in determining whether contract terms are ambiguous, and where ambiguity exists, summary judgment is improper).

{3} The following are the material facts. On August 10, 1994, Rumaldo S. Borrego and Rita S. Borrego (Sellers) sold a house and land to their niece Josephine Borrego (Defendant) pursuant to the Contract. Defendant wrote the Contract. After describing the parties and the real estate, the Contract provides:

> The total selling price is $80,000.00, with a down payment of $8,000.00. The agreement also includes no charge for interest on the unpaid balance. The monthly payments being in the monthly amount of $300.00 per month due on the 26th of each month beginning August 1994.
>
> Payments will be made to Rumaldo S. Borrego or Rita S. Borrego for the duration of their life. Upon death of Rumaldo

S. Borrego and Rita S. Borrego, the house payments will continue to be made to Nick Sanchez until the balance is paid.

> In the event of the death of the buyer (Josephine Borrego), then Adolfo or Sinforosa M. Borrego will conti[n]ue the payments and upon completion of full payment on the property, then the Warranty Deed will be drawn up under their name.

{4} As quoted above, the Contract states that payments will be made to Sellers for the duration of their life, and upon the death of both Sellers, the house payments "will continue to be made to Nick Sanchez until the balance is paid." Nick Sanchez is the son of the Sellers. Seller Rita S. Borrego died on July 28, 1996. On November 16, 1998, Seller Rumaldo S. Borrego executed an "Assignment of Real Estate Contract" (Assignment) which describes the August 10, 1994, Contract and Seller Rita S. Borrego's death. The Assignment then provides that for valuable consideration paid, "Rumaldo S. Borrego does hereby assign to Rumaldo S. Borrego, Nick Sanchez and Viola Sanchez as joint tenants, all right, title and interest in the aforementioned real estate contract." Nick Sanchez died on November 27, 1998, eleven days after the Assignment was executed, and Seller Rumaldo S. Borrego subsequently died in December 1999.

{5} Defendant made all payments under the Contract until December 16, 1999. Plaintiff, who is the widow of Nick Sanchez, demanded payment and Defendant refused.

{6} Defendant responded to the motion for summary judgment with her affidavit. Therein she states that she negotiated the terms of the Contract with the Sellers, her uncle and aunt, and that they discussed and identified the individuals who could receive payment under the Contract. They agreed that only the Sellers, Rumaldo Borrego and Rita Borrego, and their son, Nick Sanchez, would have the right to receive payment under the Contract. After the Contract was signed, Defendant said Sellers executed a warranty deed conveying the property to her, because they intended for her to have title to the property at that time, and Sellers did not want to be responsible for future

property taxes. Defendant said she contested the validity and effectiveness of the Assignment because the identity of the family members entitled to payment was a material term of the contract, because she was not aware of the Assignment until June 2000, approximately six months after Seller Rumaldo S. Borrego's death, and because she did not consent to this material modification of the Contract. She therefore contended that when the last Seller, Rumaldo S. Borrego, died in December 1999, her obligations to continue making payments ceased because the other payees identified in the Contract, Seller Rita S. Borrego and Son, Nick Sanchez, had already died.

{7} The trial court filed a "decision" finding in part that Defendant established that the Contract was ambiguous and that there were material issues of fact about whether the Assignment was therefore valid. A formal order was then filed denying Plaintiff's motion for summary judgment.

{8} After examining the Contract *de novo*, we agree with the trial court that the foregoing material facts establish that the Contract is reasonably and fairly susceptible of different constructions, giving rise to factual issues which must be resolved by a trial. *McNeill*, 2003–NMCA–078, ¶ 13, 133 N.M. 804, 70 P.3d 794 (stating fact finder must resolve · any factual issues presented by ambiguity in contract). On the one hand, the Contract can be interpreted in Plaintiff's favor because it sets forth a "total selling price" of $80,000 and it evinces a clear intent for payments to "continue to be made" upon the death of Sellers "until the balance is paid." Moreover, there is a provision that should Defendant die before the property is paid for in full, the payments will continue, and "upon completion of full payment on the property" by Adolfo or Sinforosa M. Borrego, a warranty deed will be drawn in their names. These provisions of the Contract could indicate that the total selling price of $80,000 is to be paid in full whether or not any or all of the specifically named payees die. The Contract also does not restrict assignments or specifically state that payments cease when all of these specifically named payees die. On the other hand, based on Defendant's affidavit, the Contract could be construed as a family transaction in which the identity of the family members entitled to payment was a material term of the Contract which was specifically intended by the parties. The Contract did not include a provision to escrow or hold back delivery of the deed until full payment was made or any provision for forfeiture, acceleration, or any other remedy for nonpayment.

■ {9} When we review a grant of summary judgment, we view the evidence in light most favorable to a trial on the merits. *Gillin v. Carrows Rests., Inc.*, 118 N.M. 120, 122, 879 P.2d 121, 123 (Ct.App.1994). We therefore hold that Plaintiff's motion for summary judgment was properly denied.

## SANCTIONS

■ {10} On appeal, we review sanctions imposed by the trial court for discovery violations and violations of court orders for an abuse of discretion. *See Lewis ex rel. Lewis v. Samson*, 2001–NMSC–035, ¶ 13, 131 N.M. 317, 35 P.3d 972 (discussing discovery sanctions under Rule 1–037(B)(2) NMRA 2003); *Herrera v. Springer Corp.*, 89 N.M. 45, 48–49, 546 P.2d 1202, 1205–06 (Ct.App. 1976) (discussing late disclosure in violation of pretrial order). Under this standard of review, "we will disturb the trial court's ruling only when the trial court's decision is clearly untenable or contrary to logic and reason." *Lewis*, 2001–NMSC–035, ¶ 13, 131 N.M. 317, 35 P.3d 972 (internal quotation marks and citation omitted). We hold the trial court did not abuse its discretion in precluding Plaintiff from calling any witnesses in her case in chief, but that dismissal of the complaint with prejudice does not automatically follow.

{11} On January 14, 2002, a general scheduling order was filed setting the case for trial on a trailing docket commencing on June 10, 2002. In the order, the trial court directed the parties to "file a list of all witnesses expected to testify at trial, identifying them by name, address and, where available, telephone number within 30 days prior to trial." The order also directed Plaintiff to complete her portion of the pretrial order by May 17, 2002, and forward it to Defendant to com-

plete her portion. The pretrial order requires the parties to identify witnesses which they will call or have available at the trial.

{12} The witness list was required to be filed on or before May 10, 2002, which was thirty days before the trial date of June 10, 2002. Six days late, on May 16, 2002, Plaintiff's counsel filed a witness list which identified "Defendant's witnesses" as the witnesses Plaintiff might call at the trial. Plaintiff's counsel therefore violated the court's general scheduling order in two ways: it was late, and it was incomplete.

{13} In Plaintiff's portion of the pretrial order identifying witnesses Plaintiff would call or have available to testify at the trial, counsel only stated, "[a]ny and all witnesses identified by Defendants." Defendant had not yet identified her witnesses.

{14} Defendant thereupon filed a motion for summary judgment to preclude Plaintiff from calling any witnesses at trial. She argued that in response to an interrogatory asking Plaintiff to identify by name, address, and telephone number every witness she might call at trial, together with a description of the subject matter on which each such witness was to testify and the substance of his or her expected testimony, Plaintiff answered, "[n]o witnesses have been identified at this time." Defendant added she subsequently submitted another discovery request to Plaintiff on March 26, 2002, asking Plaintiff to supplement her answer to this interrogatory and Plaintiff's counsel responded by letter, stating:

> My client responded fully and completely to your First Set of Interrogatories and Request for Production of Documents. She is aware that she has a responsibility to supplement her answers and responses if she acquires any new documents or information. I believe that your second set of interrogatories and request for documents are oppressive, frivolous and are intended to force my client to expend attorneys fees needlessly. I believe this matter is controlled by Rule 1–011 SCRA.
>
> My client has nothing else to add either to her interrogatories or request for production.

{15} Defendant further advised the trial court of the deficiencies in Plaintiff's witness list and her portion of the pretrial order. Defendant argued that without witnesses, Plaintiff would not be able to prove her claims at trial, and Defendant was therefore entitled to summary judgment.

{16} Plaintiff's only response was that the parties themselves were witnesses. This response itself proved that Plaintiff's counsel acted in bad faith and with willful disregard of his discovery obligations. Plaintiff's counsel said the parties would be witnesses, yet he said "no witnesses have been identified at this time" in answering interrogatories, and he refused to update this answer, despite his clear obligation to do so. Rule 1–026(E)(1) NMRA 2003 (stating a party is under a duty seasonably to supplement a response with respect to any question directly addressed to the identity of each person expected to be called as a witness at trial, the subject matter on which the party is expected to testify, and the substance of the party's testimony).

{17} The trial court thereupon filed a decision stating that Plaintiff has the burden of proof and because Plaintiff failed to identify any witnesses anywhere in the pleadings, she was barred from calling any witnesses at trial, and without any witnesses, "there can be no case presented." Therefore, it was going to dismiss Plaintiff's case with prejudice. Plaintiff filed a motion for reconsideration arguing that a presumption that she could not carry her burden of proof "without additional witnesses besides the parties" would deprive her of due process of law. Defendant responded that Plaintiff failed and refused to identify any witnesses, and not even the parties were identified as potential witnesses by Plaintiff. The only response of Plaintiff's counsel was that Defendant failed to provide authority that a party to a lawsuit must be listed as a witness as a prerequisite to being called to testify at trial.

{18} The trial court advised the parties that dismissal was not being ordered on the merits but because of the failure of counsel to comply with the Rules of Civil Procedure. The trial court wrote, "[t]he decision to disallow any witnesses not disclosed to testify is a rather routine sanction for disclosure viola-

tions." Plaintiff's motion for reconsideration was denied and Plaintiff's complaint was dismissed with prejudice.

{19} We affirm the order prohibiting Plaintiff from calling any witnesses in her case in chief. Plaintiff's counsel repeatedly violated his duties to Defendant and the trial court by failing to disclose his witnesses. We repeat that " '[w]hen a party has displayed a willful, bad faith approach to discovery, it is not only proper, but imperative, that severe sanctions be imposed to preserve the integrity of the judicial process and the due process rights of the other litigants.' " *Medina v. Found. Reserve Ins. Co.*, 117 N.M. 163, 167, 870 P.2d 125, 129 (1994) (quoting *United Nuclear Corp. v. Gen. Atomic Co.*, 96 N.M. 155, 241, 629 P.2d 231, 317 (1980), *appeal dismissed and cert. denied*, 451 U.S. 901, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981)). Contrary to counsel's arguments, whether prejudice to Defendant resulted is not the issue; the issue is counsel's abuse of the discovery process. *See Reed v. Furr's Supermarkets, Inc.*, 2000–NMCA–091, ¶ 29, 129 N.M. 639, 11 P.3d 603 (stating party not required to show trial preparation prejudiced or that it relied on misrepresentation; overriding concern is abuse of the discovery process). This Court will not condone such actions or the gamesmanship of counsel. *See id.* ¶ 38 (affirming order dismissing plaintiff's complaint with prejudice for willful abuse of discovery process); *Lewis*, 2001–NMSC–035, ¶¶ 13–17, 131 N.M. 317, 35 P.3d 972 (affirming order excluding witnesses not properly disclosed in discovery responses); *Herrera*, 89 N.M. at 49, 546 P.2d at 1206 (affirming refusal to permit witness not properly disclosed in pretrial order).

{20} However, precluding Plaintiff from calling any witnesses in her case in chief does not automatically require dismissal of Plaintiff's complaint with prejudice. The complaint alleges that Sellers and Defendant signed the Contract, and a copy of the Contract is attached. The answer in turn admits that Sellers and Defendant signed the Contract, and that an accurate copy of the Contract is attached to the complaint. The complaint also alleges that the Assignment, a copy of which is attached, was signed by Rumaldo Borrego, assigning the Contract to himself, Nick Sanchez, and the Plaintiff as joint tenants, and the Answer admits these allegations, while denying the validity and effectiveness of the Assignment. Therefore, Plaintiff needs no witnesses to admit these documents into evidence in her case in chief. *See Chavez v. Gribble*, 83 N.M. 688, 689, 496 P.2d 1084, 1085 (1972) (holding contract itself having been pleaded, attached to pleading, and admitted, was before the court, and there was no occasion to offer or receive it into evidence); *Slemmons v. Massie*, 102 N.M. 33, 35, 690 P.2d 1027, 1029 (1984) ("Facts admitted in a pleading by an adverse party do not need to be proven[.]"). Accordingly, we hold that dismissing Plaintiff's complaint with prejudice because she was not allowed to call witnesses in her case in chief was error. Plaintiff is allowed to admit the Contract and Assignment attached to the complaint into evidence without any witnesses and argue why she believes they are sufficient to warrant a decision in her favor. Plaintiff should also be allowed to cross examine any witnesses which may be called by Defendant, and to call any rebuttal witnesses that are true rebuttal witnesses.

## CONCLUSION

{21} The order denying Plaintiff's motion for summary judgment is affirmed. We reverse the order dismissing Plaintiff's complaint with prejudice but affirm the sanction which precludes Plaintiff from calling any witnesses in her case in chief. The case is remanded to the trial court for further proceedings in accordance with this opinion.

{22} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER, Chief Judge, and LYNN PICKARD, Judge.