Certiorari Granted, August 10, 2010, No. 32,486

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-075**

**Filing Date:  June 7, 2010**

**Docket No. 28,709**

**CITY OF RIO RANCHO,**

> **Plaintiff-Appellant,**

**v.**

**AMREP SOUTHWEST, INC.,**

> **Defendant-Appellee**

**and**

**CLOUDVIEW ESTATES, L.L.C.,**

> **Defendant.**

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Montgomery & Andrews, P.A.
Randy S. Bartell
Sharon T. Shaheen
Santa Fe, NM

for Appellant

Lastrapes, Spangler & Pacheco, P.A.
Matthew M. Spangler
Jenica J. Jacobi
Rio Rancho, NM

for Appellee

**OPINION**

**VANZI, Judge.**

**{1}** At issue in this appeal is the ownership and proper designation of a ten-acre parcel of land located within the City of Rio Rancho, New Mexico. The City of Rio Rancho (the City) appeals the district court's grant of summary judgment in favor of Appellee, AMREP Southwest, Inc. (Amrep), dismissing all of the City's claims against Amrep regarding the parcel. The City contends that the district court erred in granting summary judgment because there are disputed questions of material fact regarding the parties' intended use and designation of the parcel that require a determination by an appropriate fact finder.

**{2}** We conclude that issues of material fact exist regarding the parties' intent and, therefore, summary judgment is inappropriate in this matter. We reverse the district court's grant of summary judgment.

**BACKGROUND**

**{3}** The property at issue is a ten-acre parcel of land labeled "Parcel F" on the final recorded plat (the Plat), dated October 8, 1985, of the Vista Hills West Unit 1 (VHWU1) subdivision. VHWU1 is located within the City of Rio Rancho, New Mexico. The entirety of Parcel F is labeled as a drainage easement on the Plat. The City claims that it was the intention of both Amrep and the City, at the time of the platting of VHWU1, that Parcel F be set aside as undeveloped open space in perpetuity and that the parties labeled Parcel F as a drainage easement specifically to accomplish that purpose. Amrep, on the other hand, asserts that the City and Amrep merely intended that Parcel F be encumbered by a drainage easement and that Amrep would otherwise retain all the rights of ownership of Parcel F.

**{4}** The following facts are undisputed. Amrep was the original owner and subdivider of all of the property within the VHWU1 subdivision boundaries. The Plat encompassed approximately 189 acres and designated 482 lots and 8 parcels of land. On the Plat, lots are designated by number and parcels are designated by letter. All parcels on the Plat (including Parcel F) are labeled as drainage easements. In the dedication section of the Plat, Amrep dedicated all public thoroughfares and granted all easements shown on the Plat to the City.

**{5}** Prior to the final platting, Amrep had received preliminary approval from the City for the subdivision based on a preliminary plat. The preliminary plat is substantially similar to the final Plat except that the preliminary plat stated that all parcels "will be open space," and the parcels are not designated as drainage easements.

**{6}** In March 2004, Amrep sold Parcel F to a third-party purchaser. Parcel F was sold again in November 2004 to the current owner of record, Cloudview Estates, LLC (Cloudview). After its purchase of Parcel F, Cloudview submitted a preliminary plat to the City requesting that the City vacate the drainage easement that encumbered the entirety of Parcel F and approve a proposed thirty-lot subdivision on the parcel. The City initially approved the proposed subdivision, however, after protests by neighboring property owners who claimed that Parcel F had been represented to them as permanent open space when they

purchased their properties, the City withdrew its approval for the proposed subdivision and denied Cloudview's application to vacate the existing drainage easement on Parcel F.

**{7}** Cloudview filed a complaint against the City in federal district court alleging that the City's refusal to vacate the drainage easement on Parcel F had deprived Cloudview of due process and requested a review of the City's administrative decision denying Cloudview's application to vacate the drainage easement. The federal district court dismissed Cloudview's claims without prejudice for lack of ripeness.

**{8}** After the federal district court's dismissal of Cloudview's complaint, the City filed a complaint in district court, naming both Amrep and Cloudview as defendants. In its complaint, the City requested a declaratory judgment stating that fee title to Parcel F was vested in the City. In support of its position, the City cited to NMSA 1978, Section 3-20-11 (1973), which states that a municipality automatically acquires fee title to land within its boundaries when such land is designated "for public use" on an endorsed and filed plat. The City claimed that the designation of the entirety of Parcel F as a drainage easement was intended by both Amrep and the City to designate the parcel for public use. The City asserted that the parcels on the Plat were labeled as drainage easements rather than as open space for public use because, at the time of the platting of VHWU1, Amrep had an obligation under a 1979 court-approved settlement agreement to convey 400 acres of land for public use to the City. The City stated that it therefore decided that Amrep should designate Parcel F and the other parcels in VHWU1 subdivision as drainage easements, rather than open space, to avoid those parcels being credited toward Amrep's obligation under the 1979 settlement agreement. The City asserted, however, that the drainage easement designation did not alter the parties' original intent that the parcels be set aside as undeveloped open space for public use. The City contended, therefore, that by operation of Section 3-20-11, fee title to Parcel F passed to the City upon the recording of the Plat.

**{9}** The City's complaint requested, in the alternative, that the court issue declaratory judgments stating (1) that the Plat created a permanent easement over Parcel F, which rendered the parcel undevelopable open space in perpetuity; (2) that Amrep had impliedly dedicated Parcel F as open space; (3) that a constructive trust in favor of the City be imposed on Parcel F; and (4) that the court determine that fee title passed to the City by operation of adverse possession.

**{10}** In response to the City's complaint, Amrep filed a motion for partial summary judgment requesting judgment in its favor as to all counts in the City's complaint that alleged the City's ownership of Parcel F. The district court granted Amrep's motion and dismissed with prejudice all claims asserted by the City against Amrep. In granting Amrep's motion for partial summary judgment, the district court found that there were no issues of material fact in dispute and that it was clear and unambiguous that the Plat granted a drainage easement over Parcel F but did not convey fee title to the City.

**{11}** On appeal, the City contends that the district court erred when it determined that the Plat is unambiguous because the court failed to consider all of the extrinsic evidence presented by the City to show that the Plat was ambiguous as to the true intent of the parties

regarding the designation and future use of Parcel F. The City further contends that when all of the extrinsic evidence is considered, the Plat is in fact susceptible to differing interpretations regarding the intent of the parties and, therefore, summary judgment was improper in this matter. In its brief, the City also addresses a number of other arguments raised by Amrep's motion for partial summary judgment. Because we find summary judgment to be inappropriate based on the City's first two arguments, we do not address the City's remaining arguments.

**{12}** We first address the issue of whether the district court should have considered extrinsic evidence in determining whether the Plat was ambiguous as to the parties' intended use and designation of Parcel F. We then address the ambiguity of the Plat and whether summary judgment was proper.

## DISCUSSION

### Standard of Review

**{13}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "An appeal from the grant of a motion for summary judgment presents a question of law and is reviewed de novo." *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971 (filed 2006).

**{14}** The party seeking summary judgment need only make a prima facie showing that he is entitled to summary judgment, after which the burden shifts to the party opposing the motion "to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992). The nonmoving party need not convince the district court that he has evidence to support all the elements of his case; rather, the nonmoving party must merely show that one or more factual issues are contested. *Bartlett v. Mirabal*, 2000-NMCA-036, ¶ 17, 128 N.M. 830, 999 P.2d 1062. "The facts are considered in the light most favorable to the party opposing summary judgment." *Zarr v. Wash. Tru Solutions, L.L.C.*, 2009-NMCA-050, ¶ 9, 146 N.M. 274, 208 P.3d 919.

### Extrinsic Evidence Should Have Been Considered in Determining Ambiguity

**{15}** We first consider whether the district court should have considered extrinsic evidence in determining whether the Plat was ambiguous. In its response to Amrep's motion for partial summary judgment and at the hearing on the motion for summary judgment, the City presented a significant amount of extrinsic evidence that it claimed demonstrated that the Plat was susceptible to differing interpretations as to what the City and Amrep actually intended by the designation of a drainage easement over the entirety of Parcel F. The district court, however, appears to have relied solely on the information contained within the four corners of the Plat in making its determination. The City argues that this was an error and that the court should have considered the extrinsic evidence in reaching its decision. We agree.

**{16}** Amrep asserts that the Plat is clear and unambiguous on its face and, therefore, it was proper for the district court to decline to consider extrinsic evidence. Amrep's argument ignores the current law in New Mexico.

**{17}** In *C.R. Anthony Co. v. Loretto Mall Partners*, 112 N.M. 504, 508-09, 817 P.2d 238, 242-43 (1991), our Supreme Court stated that "in determining whether a term or expression to which the parties have agreed is unclear, a court may hear evidence of the circumstances surrounding the making of the contract and of any relevant usage of trade, course of dealing, and course of performance." The Court specifically held that "New Mexico case law to the contrary is hereby overruled." *Id.* at 509, 817 P.2d at 243. Additionally, the Court stated that, in considering the surrounding circumstances, "the meaning the court seeks to determine is the meaning one party (or both parties, as the circumstances may require) attached to a particular term or expression at the time the parties agreed to those provisions." *Id.*

**{18}** Our Supreme Court further interpreted its *C.R. Anthony* holding in *Mark V, Inc. v. Mellekas*, 114 N.M. 778, 845 P.2d 1232 (1993). In *Mark V*, the Court held that the district court erred when it "relied solely on the face or the 'four corners' of the document" to determine whether an ambiguity existed. *Id.* at 781, 845 P.2d at 1235. Citing *C.R. Anthony*, the Court stated that "even if the language of the contract appears to be clear and unambiguous, a court may hear evidence of the circumstances surrounding the making of the contract . . . in order to decide whether the meaning of a term or expression contained in the agreement is actually unclear." *Mark V*, 114 N.M. at 781, 845 P.2d at 1235 (internal quotation marks omitted). More recently, this Court reiterated this sentiment in *Twin Forks Ranch, Inc. v. Brooks*, 120 N.M. 832, 835, 907 P.2d 1013, 1016 (Ct. App. 1995), stating that "[e]xtrinsic evidence is admissible to establish that [a document does] not express the true agreement of the parties, even if the inconsistency cannot be detected on the face of the [document] and becomes clear only in light of surrounding circumstances." Applying current law as expressed by both our Supreme Court and this Court, we conclude that, to the extent the district court did not consider the extrinsic evidence offered by the City as to the intent of the parties, the district court erred.

**In Light of Extrinsic Evidence, the Plat Is Ambiguous as to the Parties' Intent**

**{19}** The determination as to whether a written document is ambiguous is a matter of law to be determined by the court. *C.R. Anthony Co.*, 112 N.M. at 509, 817 P.2d at 243. Accordingly, we next examine the question of whether, in light of the extrinsic evidence presented by the City, the designation of a drainage easement over the entirety of Parcel F is fairly susceptible to different interpretations thereby rendering summary judgment improper.

**{20}** The City does not dispute that Parcel F is clearly labeled on the Plat as having a drainage easement over its entirety; however, the City argues that when viewed in light of the circumstances surrounding its approval of the Plat, the Plat is ambiguous as to what the parties intended to accomplish by that designation. The City contends that, at the time of the City's approval of the Plat, it was well understood by both the City and Amrep that the

drainage easement designation over the entirety of Parcel F was intended to dedicate Parcel F for use as open space in perpetuity.

**{21}** As evidence of this intent, the City points to the following extrinsic evidence. Amrep designated Parcel F as open space on both the preliminary plat and the drainage management plan submitted to the City for preliminary approval of the subdivision. Amrep's agent assured the City's Planning and Zoning Commission prior to the City's approval of the subdivision that the Plat of VHWU1 provided for forty acres of park sites, which included Parcel F. All acreage designated as open space on the preliminary plat is designated as drainage easement on the final Plat. Amrep represented to purchasers of lots within VHWU1 that Parcel F was open space that would never be developed. Parcel F is an elevated area that has no drainage control function. The City claims that this indicates that the drainage label must have been intended by the parties as a surrogate for another purpose. Approximately two years after the recording of the Plat, Amrep's vice president acknowledged in a memo that using areas designated as drainage for open or park space was a development norm. With Amrep's knowledge, the City carried Parcel F on its inventory of parks and open space. The City's land use ordinance required Amrep to identify all land on the Plat that was to be considered for future development and Amrep did not identify Parcel F as such on either the preliminary or final plats. The City also notes that an Amrep representative stated in his deposition that "parcel" was the term Amrep generally used for property intended to be dedicated to the City and "tract" was the term used when a piece of property was intended for future development.

**{22}** Amrep, on the other hand, argues that even considering all of the extrinsic evidence, undisputed facts prove that both the City and Amrep intended nothing more than exactly what is expressed on the Plat: specifically, that Amrep granted the City a drainage easement over the entirety of Parcel F. In support of this assertion, Amrep cites the following facts that it contends are undisputed. The dedication statement on the Plat does not dedicate any of the subdivision parcels to the City, and Amrep claims that it was at the City's request that the parcels were not dedicated. The City has required Amrep to maintain Parcel F at various times since the platting of the subdivision. The City approved the subsequent replatting of Parcels E and H (also labeled as drainage easements) in VHWU1, and those replats indicate Amrep as the owner of those parcels. The City's Director of Cultural Enrichment researched the ownership of Parcel F in 2004 and determined that Amrep was the owner of the parcel. Finally, Amrep points out that, in a similar situation in 1988, Amrep dedicated parcels as open space to the City within Vista Hills West Unit 3 (VHWU3).

**{23}** While not disputing the facts cited by Amrep, the City does dispute Amrep's representation of those facts. The City denies that it refused dedication of the parcels, but rather asserts that the drainage easement designations were used as a surrogate means of dedication so that the VHWU1 parcels would not be confused with Amrep's other obligation to donate open space to the City under the 1979 settlement agreement. The City also denies that it asked Amrep to maintain Parcel F other than to ask Amrep to remove debris associated with Amrep's other building activities in the area. The City admits that a representative from its Cultural Enrichment department stated that Amrep was the owner of Parcel F; however, the City states that the representative was not an attorney and was not

6

qualified to make assertions regarding the status of the title of Parcel F. Regarding the 1988 VHWU3 plat, the City states that the VHWU3 plat made a direct dedication of open space because Amrep's other obligations pursuant to the 1979 settlement agreement had been resolved when VHWU3 was platted. Finally, the City addresses the replatting of Parcels E and H by noting that, in the case of Parcel E, the replat only makes minor adjustments to the property lines of two adjacent property owners, and the bulk of the parcel remains open space. The City also states that Parcel H is a small parcel that is not desirable for public use as open space.

{24}    As can be seen from the preceding discussion of the parties' claims and assertions, the City and Amrep dispute the true nature of their intent in creating a drainage easement over the entirety of Parcel F. It is evident that, with respect to the circumstances surrounding the City's 1985 approval of the Plat and the parties' dealings regarding Parcel F between 1985 and the present, there are few, if any, facts that the parties do not dispute or interpret differently. In support of their respective positions, both Amrep and the City point to numerous facts, records, affidavits, and deposition testimony that present conflicting versions of the events and intentions of the parties. As our Supreme Court noted in *Mark V*, "if the proffered evidence of surrounding facts and circumstances is in dispute, turns on witness credibility, or is susceptible of conflicting inferences, the meaning must be resolved by the appropriate fact finder." 114 N.M. at 781, 845 P.2d 1235. Further, if a written instrument, construed in light of the circumstances surrounding its making, is "reasonably and fairly susceptible of different constructions, an ambiguity exists, and summary judgment is not proper." *Sanchez v. Borrego*, 2004-NMCA-033, ¶ 2, 135 N.M. 192, 86 P.3d 617. Once a court finds that a document is ambiguous, it is the role of the fact finder to resolve the ambiguity. *C.R. Anthony Co.*, 112 N.M. at 509, 817 P.2d at 243.

{25}    Upon review of both Amrep and the City's assertions, and construing all reasonable inferences in favor of a trial on the merits, we determine that the parties' intent in creating a pervasive easement over the entirety of Parcel F is reasonably and fairly susceptible to different constructions, and these constructions present genuine issues of material fact that must be submitted to an appropriate fact finder. Accordingly, we conclude that the district court's grant of summary judgment was improper.

**CONCLUSION**

{26}    For the reasons set forth above, we reverse the district court's order granting summary judgment and remand the case for further proceedings consistent with this opinion.

{27}    **IT IS SO ORDERED.**

---

**LINDA M. VANZI, Judge**

**WE CONCUR:**

---

7

**MICHAEL E. VIGIL, Judge**

_____

**ROBERT E. ROBLES, Judge**

**Topic Index for** _City of Rio Rancho v. Amrep Southwest, Inc._**, Docket No. 28,709**

| | |
|---|---|
| **CP** | **CIVIL PROCEDURE** |
| CP-SJ | Summary Judgment |
| | |
| **CN** | **CONTRACTS** |
| CN-AM | Ambiguous Contracts |
| | |
| **EV** | **EVIDENCE** |
| EV-ER | Extrinsic Evidence |
| | |
| **PR** | **PROPERTY** |
| PR-AD | Adverse Possession |
| PR-ES | Easement |
| PR-SU | Subdivisions |