This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF MASTR 2007-01,**

Plaintiff/Counterdefendant-Appellee,

v.                                                   **NO. A-1-CA-37056**

**BARBARA J. PINO,**

Defendant/Counterclaimant-Appellant,

and

**UNITED STATES OF AMERICA by and through THE INTERNAL REVENUE SERVICE; THE STATE OF NEW MEXICO DEPARTMENT OF TAXATION & REVENUE; and THE UNKNOWN SPOUSE OF BARBARA J. PINO, if any,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Judge**

Houser & Allison, APC
Lindsay K. Griffel
Albuquerque, NM

for Appellee

Martin E. Threet and Associates
Joseph L. Romero
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Defendant Barbara J. Pino (Defendant) appeals from the district court's order granting Plaintiff's motion for sanctions, decree of foreclosure, order of sale, appointment of special master, and the order denying her motion to reconsider. [2 RP 263, 304; DS 2-3] In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm. We note that Defendant also filed a motion to supplement the record, seeking to file with this Court a CD of the August 24, 2016 district court hearing. For the reasons discussed below, we deny the motion.

{2}     Defendant continues to argue that the district court erred in imposing sanctions by way of the judgment against her. [MIO PDF 1-6] Quoting from portions of the August 24, 2016 hearing, Defendant contends that, when it was ordering discovery sanctions, the district court referred to her prior counsel's acts and omissions—despite the court's knowledge of her prior counsel's inactive status—and did not specifically impose sanctions based on anything her replacement counsel did or did not do. [MIO PDF 2-4] According to the transcription of the CD provided in Defendant's

2

memorandum in opposition, the district court asked replacement counsel whether he had filed a response to the motion for sanctions or order compelling discovery. Replacement counsel responded that he did not file a written response, that he "got into this case sometime early July," that prior counsel went inactive mid-June, and that discovery was complete and would be delivered that day. [Id.] The district court's subsequent question regarding whether the responses were due in May was met with replacement counsel's response that he was not on the case in May and did not know. [MIO PDF 3] After this exchange, the district court instructed Appellee's counsel to prepare an order for in rem judgment based on Defendant's failure to comply with discovery, and reserved ruling on in personam judgment pending Defendant's further compliance with discovery, allowing replacement counsel an opportunity to "jump in the case and see . . . whether there are defenses" against a personal judgment. [MIO PDF 3-4]

{3}     Far from indicating to this Court that replacement counsel's actions were in no way related to the district court's concerns regarding Defendant's failure to address the discovery issues, we are instead persuaded that the opposite is true: the district court imposed the sanction of in rem judgment for Defendant's discovery violations, including her replacement counsel's failure to act on the motion for sanctions, order compelling discovery, and other apparent failures apparent in the record when he took

3

over for prior counsel in early July, which inaction continued through the hearing in late August. [*See* MIO PDF 2-4; *see also* DS 2, 1 RP 248-255 (setting forth that replacement counsel entered his appearance on July 8, the district court set a hearing on the motion for sanctions on August 8, and the hearing commenced on August 24, with no responsive motion filed by replacement counsel on the motion for sanctions)] The district court also specifically noted that it was reserving its decision on whether personal judgment against Defendant would be entered, based on replacement counsel's actions with regard to discovery going forward. [MIO PDF 3-4] When the district court entered its order granting sanctions against Defendant the following month, it indeed ordered in rem judgment against Defendant and expressly reserved ruling on whether a judgment for any deficiency in the proceeds—i.e., the personal judgment—would be awarded against Defendant until further hearing after the foreclosure sale. [2 RP 263-64, 266]

{4}     As we review the district court's discovery orders and sanctions imposed for discovery violations for an abuse of discretion, *Villalobos v. Bd. of Cty. Comm'rs*, 2014-NMCA-044, ¶ 14, 322 P.3d 439; *Sanchez v. Borrego*, 2004-NMCA-033, ¶ 10, 135 N.M. 192, 86 P.3d 617, and as the district court's in-rem judgment as a sanction for Defendant's discovery violations is not "clearly contrary to the logical conclusions demanded by the facts and circumstances of the case[,]" *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted),

4

we conclude that the district court did not err. *See* Rule 1-037(B) NMRA (permitting judgment against a party who fails to comply with a discovery order compelling responses); *Rio Grande Gas Co. v. Gilbert*, 1971-NMSC-113, ¶¶ 20-21, 23, 83 N.M. 274, 491 P.2d 162 (concluding that the appellant's failure to timely produce documents as ordered by the district court constituted willful failure to comply with the order and, as such, judgment against the appellant was not an abuse of discretion); *cf. Lewis v. Samson*, 2001-NMSC-035, ¶¶ 23-24, 131 N.M. 317, 35 P.3d 972 (concluding that the district court did not abuse its discretion in imposing more severe sanctions when the party had repeatedly breached her duties under the discovery rules); *Pizza Hut of Santa Fe, Inc. v. Branch*, 1976-NMCA-051, ¶¶ 27-30, 89 N.M. 325, 552 P.2d 227 (determining that the sanction of dismissing a party's actions for that party's failure to comply with discovery requests was proper).

{5}     With regard to Defendant's motion to supplement the record, we note that Defendant transcribed the relevant portions of the CD in her memorandum in opposition, and we have accepted and relied on such transcription as a true reiteration of the conversation between the district court and Defendant's replacement counsel for the purposes of her argument. As such, we do not see the need to grant the motion and deny it as moot.

{6}     Accordingly, as Defendant has failed to persuade us that our proposed disposition was incorrect, *see Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M.

5

754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."), and for the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}     **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Chief Judge**

_____

**KRISTINA BOGARDUS, Judge**

6