This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40358**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ROBERT FRATTERELLI and
TINA MARTINEZ,**

      Defendants,

and

**SHERRI TREVIÑO,**

      Attorney-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY
Melissa A. Kennelly, District Court Judge**

**(consolidated for the purpose of opinion)**

**No. A-1-CA-40386**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**AGUSTIN CERVANTES,**

      Defendant,

and

**SHERRI TREVIÑO,**

Attorney-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Melissa A. Kennelly, District Court Judge**

Raúl Torrez, Attorney General
Benjamin L. Lammons, Assistant Attorney General
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** In these consolidated appeals,[1] the State challenges two district court orders imposing sanctions for actions taken by counsel on behalf of the State in three cases. For the reasons that follow, we reverse.

## DISCUSSION

### I. First Sanction

**{2}** On March 21, 2022, the State appeared in the district court for a hearing prior to trial in *State v. Fratterelli*, Case No. D-809-CR-2021-00098. As the district court was providing information to counsel about courtroom procedures for the day's trial, the State was working on her computer. The district court requested that the State put her computer away "because [she was] missing some of [the court's instructions]." The State put the computer away; the district court thanked her, and then proceeded with pretrial matters.

**{3}** Then, on March 23, 2022, the State once again appeared in the district court for a jury trial, this time in *State v. Martinez*, Case No. D-809-2019-00042. Outside of the presence of the jury, the district court conferred with counsel and Defendant to discuss preliminary matters and trial procedures. Before discussing the trial procedures, the district court explicitly asked the State to "pay[] attention" and to "not work[] on [her] computer." The State affirmed her compliance with the court's request and the parties proceeded with trial without any further mention of the State's laptop use.

---

1This opinion consolidates three appeals: Case Nos. A-1-CA-40386 and A-1-CA-40358, which were consolidated with A-1-CA-40356 on the State's unopposed motion to consolidate for appellate purposes. Because these cases involve the same parties on appeal and raise similar issues, we consolidate these cases for decision. *See* Rule 12-317(B) NMRA.

**{4}** On March 24, 2022, after trials in both *Fratterelli* and *Martinez* had ended, the district court filed an order in both cases sanctioning the State for using a laptop while the court met with the parties before trial outside the presence of the jury. Specifically, the district court stated that the State only "begrudgingly" complied with the court's request that she close her laptop at the March 21, 2022 hearing, and that, by "staring down at her laptop instead of looking at the [c]ourt," the State "appeared to be . . . passive[ly] resist[ing] . . . the [c]ourt's authority" at the March 23, 2022 hearing. For this behavior, the district court fined the State $250 to be paid in the form of Visa gift cards for use "as incentives to reward Raton Adult Drug Court participants' achievements." The State appeals from the orders entered in both *Fratterelli* and *Martinez*.

**{5}** On appeal, the State argues that sanctioning the State for using a laptop was reversible error for six reasons, including that the sanction violated due process. Because we conclude that the district court's sanction violated due process warranting reversal, we need not reach the other issues raised by the State. We explain.

**{6}** Although the State's brief in chief argues that "[t]he district court found [the State] in contempt and sanctioned her," the order imposing the sanction did not include a finding of contempt. Whether the State was held in contempt or simply sanctioned does not factor into our analysis because under either procedure, the State was owed minimal due process. *See Doña Ana Sav. & Loan Ass'n v. Mitchell, F.A.*, 1991-NMCA-054, ¶ 13, 113 N.M. 576, 829 P.2d 655 ("Due process requires that the attorney be given notice of the imposition of Rule [1-0]11 [NMRA] sanctions, may require specific notice of the reasons for the imposition of sanctions, and mandates that the accused be given an opportunity to respond."); *In re Byrnes*, 2002-NMCA-102, ¶ 16, 132 N.M. 718, 54 P.3d 996 ("Without a clear prior warning, it is improper for a judge to act summarily in issuing a contempt order.").

**{7}** Here, the district court failed to give the State a proper warning that she would be sanctioned for using her laptop during either hearing. In the district court's order imposing sanctions, the district court refers to a letter it sent to the district attorney, "warning that [the State] would be sanctioned if she continued her pattern of improper conduct before the [c]ourt." While this letter alleges the State engaged in sanctionable conduct, the letter does not inform the State that using a laptop during a hearing was problematic. Moreover, in both hearings, after the district court instructed the State to stop working on her computer, it did not discuss the laptop further, nor did it provide any warning that the State would be sanctioned for failure to comply with a court order. Therefore, the district court failed to provide a clear prior warning that the State's behavior regarding the laptop computer would result in the district court's order imposing sanctions. *In re Byrnes*, 2002-NMCA-102, ¶ 16. Thus, the district court's order imposing sanctions violated the State's due process rights and we therefore reverse the order and the associated fine.

## II.  Second Sanction

**{8}** On February 28, 2022, the State appeared in the district court for a docket call in *State v. Cervantes*, Case No. D-809-CR-2020-00085. During the proceeding, the district court ordered the State to work with defense counsel to arrange pretrial interviews of the State's witnesses. The court stated that it would hold the State and defense counsel equally responsible for setting up the pretrial interviews and clarified that, if the interviews were not conducted by the next docket call, "any delay in this matter [would] be held against the State if it did not reach out to [defense counsel] and make reasonable efforts to get the[m] scheduled." The district court filed an order on March 4, 2022, confirming her verbal order regarding the pretrial interviews.

**{9}** At the following docket call on March 28, 2022, defense counsel informed the district court that the pretrial interview of one witness, a lab analyst, had yet to be conducted and further informed the court that she had filed a motion to suppress the analyst's testimony. The district court asked defense counsel if she would be able to go to trial if the motion to suppress was denied. In response, defense counsel confirmed that the defendant would go to trial as scheduled on April 18, 2022, if the motion were denied.

**{10}** On April 11, 2022, the district court held a hearing on Defendant's motion to suppress. Defense counsel stated that she still had not conducted the pretrial interview of the lab analyst, but it was scheduled for April 13. When asked whether Defendant would be ready for trial if the pretrial interview took place on April 13, defense counsel initially stated that she would not be ready because the interview could raise additional issues and she would need to file additional motions to be heard before trial. However, defense counsel conceded that, if the interview yielded no additional issues, Defendant would be ready for trial as scheduled.

**{11}** Defense counsel interviewed the lab analyst on April 13 as scheduled, and no additional issues arose based on the interview. However, at a status conference held the day after the interview, defense counsel requested that the trial be postponed because she had received all pertinent information about the case only a few days before trial. In response, the State deferred to the court and did not object to moving the trial to a later date, but did inform the court that one of the State's witnesses would not be available for a trial later in the week due to a scheduling conflict. Defense counsel then stated that "[she could] be ready for trial," but she was "nervous because, in [her] world, it was a short amount of time to prepare." The trial remained set for April 18.

**{12}** Prior to commencing trial on April 18, the district court filed an order imposing a sanction against the State for failing to comply with the district court's March 4, 2022 order, to schedule pretrial interviews. Specifically, the district court stated that "[the State] was culpable for [its failure to ensure the pretrial interview with the lab analyst was completed] because she did not follow up with the State's investigator to ensure that all pretrial interviews in this matter were completed by March 28, 2022, pursuant to this [c]ourt's order, and [the State] did not file a motion to extend the time for complet[ing] pretrial interviews in this matter." Further, the district court stated that Defendant was "prejudiced . . . because instead of spending the week of April 11th

getting ready for the April 18th trial, defense counsel still had to interview a witness and determine whether any motions would need to be filed." The State appeals.

**{13}** The State argues that the district court abused its discretion by sanctioning the State for violating its discovery order. **"**[W]e review sanctions imposed by the trial court for discovery violations and violations of court orders for an abuse of discretion." *Sanchez v. Borrego*, 2004-NMCA-033, ¶ 10, 135 N.M. 192, 86 P.3d 617. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted). "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo." *Harrison v. Bd. of Regents of the Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citation omitted). "Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Id.* (internal quotation marks and citation omitted).

**{14}** The State asserts that, "[e]ven though defense counsel did not request a sanction, the district court imposed one sua sponte." However, the district court sanctioned the State in response to Defendant's motion to suppress the testimony of the lab analyst due to the State's failure to ensure Defendant completed a pretrial interview of the lab analyst before the court-imposed deadline of March 28, 2022. "To determine whether imposition of the sanction of excluding witnesses [is] proper . . . , we must look at[] (1) the culpability of the [s]tate, (2) the prejudice to [the d]efendant, and (3) the availability of lesser sanctions." *State v. Cazares*, 2018-NMCA-012, ¶ 6, 409 P.3d 978.

**{15}** Here, in support of imposing the sanction against the State, the district court found:

> 8.      [The State] was culpable for the State's omission because she did not follow up with the State's investigator to ensure that all pretrial interviews in this matter were completed by March 28, 2022, pursuant to this [c]ourt's order, and the [State] did not file a motion to extend the time for complet[ing] pretrial interviews in this matter.

> 9.      Although defense counsel was eventually able to interview the lab analyst witness on April 13, 2022, the State's failure to follow the [c]ourt's [o]rder prejudiced the defense because instead of spending the week of April 11th getting ready for the April 18th trial, defense counsel still had to interview a witness and determine whether any motions would need to be filed.

> . . . .

12.    Because the prejudice to Defendant was minimal, a lesser sanction than witness exclusion is appropriate in this case.

**{16}**    The State argues that the discovery sanction was an abuse of discretion "[b]ecause the pretrial interview yielded no new information, the State did not intentionally delay the interview, and defense counsel bore some responsibility for the delay." We conclude that although the State was culpable for the delay, Defendant was not prejudiced and therefore the imposition of sanctions was error.

**{17}**    The State argues that defense counsel was partially culpable for the failure to conduct the pretrial interview of the lab analyst prior to the March 28, 2022, court-imposed deadline. Defendant was charged by criminal information on April 29, 2020. The State filed its notice of intent to call witnesses on July 10, 2020, and amended the notice on August 7, 2020 and June 7, 2021. For the two years that the case was pending before trial, numerous trial settings were scheduled and rescheduled.[2] Throughout that period, pretrial interviews were not completed for any of the State's expected witnesses. However, defense counsel attempted to schedule the pretrial interviews and made herself available for three dates. After settling on March 18, defense counsel completed all of the other interviews on that date as scheduled, but the lab analyst did not appear on that date due to a mix up with the lab analyst's email. After the lab analyst did not appear for the scheduled pretrial interview on March 18, the State's investigator told defense counsel that he would make efforts to schedule the remaining interview. The State did not schedule another time to interview the analyst before the March 28 deadline, and on the morning of March 28, after the deadline passed, defense counsel moved to suppress the witness. The district court's order stated that both "defense counsel and the [State] are equally responsible for ensuring that the pretrial interviews [were] completed." Therefore, because defense counsel attempted to schedule the interview and made herself available and the State failed to schedule another time to complete the pretrial interview of the analyst before the deadline, the State bears culpability for the delay.

**{18}**    However, the delay in interviewing the lab analyst did not prejudice Defendant because defense counsel was already aware that the substances were heroin and methamphetamine. The district court found that Defendant was prejudiced by the delay in conducting the pretrial interview due to the loss of time to prepare for trial. However, the lab report regarding the identity of the substances was previously disclosed to Defendant; therefore, the interview only confirmed what Defendant already knew. Defense counsel described the eventual pretrial interview with the lab analyst as "a very short interview" and stated no further issues arose from the interview. Thus, no new information was brought into issue based on the interview. "[W]hen discovery is merely delayed in reaching the defendant, or the defendant has knowledge of the contents of the unproduced evidence, determination of prejudice is more elusive." *State v. Harper*, 2011-NMSC-044, ¶ 20, 150 N.M. 745, 266 P.3d 25. Moreover, defense counsel asserted no argument as to prejudice in her motion to suppress, or in the hearing on the

---

2The brief in chief accurately recounts the scheduling and rescheduling of trial settings primarily due to Defendant's failure to appear.

motion, but rather stated, "I can be ready. I [am] just nervous because, in my world, it was a short amount of time to prepare, but I can be ready." Therefore, because the substance of the pretrial interview was substantially contained in the lab report in Defendant's possession, there was no prejudice to Defendant in delaying the pretrial interview. *See id.* ¶ 16 ("[T]he party claiming prejudice must prove prejudice—it is not enough to simply assert prejudice.").

{19}　"The assessment of sanctions depends upon the extent of the [state's] culpability weighed against the amount of prejudice to the defense." *Id.* (omission, internal quotation marks, and citation omitted). Here, the State is culpable for its failure to ensure that the pretrial interviews were completed as ordered by the district court. However, the fact that the substance of the interview was based on the lab report, which was already known to Defendant, weighs against any prejudice. Thus, under these facts, it was an abuse of discretion to sanction the State for failing to meet the deadline to perform pretrial interviews. We therefore reverse the imposition of sanctions.

**CONCLUSION**

{20}　For the above reasons, we reverse the district court's orders imposing sanctions.

{21}　**IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**