552 P.2d 227

**PIZZA HUT OF SANTA FE, INC.,**
Plaintiff-Appellant,

v.

Turner W. **BRANCH** et al., Defendants-
Appellees.

No. 2372.

Court of Appeals of New Mexico.
June 8, 1976.

Quincy D. Adams, Adams & Foley, Albuquerque, for plaintiff-appellant.

William S. Dixon, Rodey, Dickason, Sloan, Akin & Robb, Leo C. Kelly, Branch & Branch, Albuquerque, Arthur H. Coleman, Santa Fe, for Branch & Branch, Albuquerque, Russell Moore, Keleher & McLeod, Albuquerque, for defendants-appellees.

OPINION

SUTIN, Judge.

Plaintiff sued defendants to recover damages for breach of contract and for violation of fiduciary duties by certain of the defendants who acted as attorneys for plaintiff. The court entered an Order dismissing plaintiff's complaint with prejudice, for failure of the plaintiff to answer interrogatories submitted by defendant

Dickson & DuBois, P.A. (Dickson). The court entered a second Order denying plaintiff's motion to vacate the first Order. Plaintiff appeals from both final Orders. We affirm.

A. *Statement of Proceedings.*

On April 15, 1975, plaintiff filed its complaint against all defendants. On June 26, 1975, Dickson filed interrogatories directed to plaintiff who made no objections thereto. On September 3, 1975, plaintiff filed its late response. On September 4, 1975, Dickson moved to compel plaintiff to answer interrogatories "completely and responsively". On September 8, 1975, notice of hearing was sent by the court to all counsel that Dickson's motion would be heard on September 29, 1975. Plaintiff did not appear at this hearing although it received the notice. *On September 29, 1975, an Order was entered directing the plaintiff to answer "fully and completely" certain interrogatories and to serve answers on Dickson by October 7, 1975; that failure to comply would result in dismissal of plaintiff's complaint with prejudice.* Further answers to interrogatories were not served on Dickson by October 7, 1975 or thereafter. On October 20, 1975, Dickson moved to dismiss plaintiff's complaint under Rule 37(b)(2)(iii) of the Rules of Civil Procedure *for failure of plaintiff to comply with the court's Order of September 29, 1975.* Notice of hearing on the motion, to be held November 3, 1975, was mailed by the court to all counsel of record. On this date, plaintiff, again, did not appear at the hearing and the court entered its Order dismissing plaintiff's complaint with prejudice.

On November 7, 1975, plaintiff, by present counsel, filed a motion to vacate the Order of Dismissal. At a hearing on November 24, 1975, plaintiff made various claims relating to excusability, and on December 2, 1975, the court modified its previous Order; that the Order of Dismissal would be vacated conditioned on payment by plaintiff to defendants Dickson and Villa of various costs, expenses and attorneys'

fees incurred. No objection was made to this form of the Order.

Plaintiff chose not to comply with the modified provisions of the Order.

B. *Introduction to Rule 37 of the Rules of Civil Procedure.*

Rule 37 of the Rules of Civil Procedure was derived from Rule 37 of the Federal Rules of Civil Procedure. Flaws in Rule 37, and the court's administration of the rule, are set forth in Rosenberg, Sanctions to Effectuate Pretrial Discovery, 58 Colum.L.Rev. 480 (1958); Developments in the law, 74 Harv.L.Rev. 940, 985–988 (1961). Effective July 1, 1970, the federal rule was amended. The New Mexico rule has not been amended.

Rules 37(a) and (b)(2)(iii) are the only rules with which we are confronted in arriving at a decision. The primary question is the extent of sanctions to which a district court can go in punishment for failure of a party to comply with a court's order in pretrial discovery proceedings. There is a diversity of opinion dependent on the facts and circumstances of each case.

Rule 37(d), which is not applicable, applies to the willful failure of a party to attend a deposition or serve answers to interrogatories. Under this rule, we have held that the mere failure of a party to attend his deposition is adequate in itself to allow a dismissal with prejudice. *Chalmers v. Hughes,* 83 N.M. 314, 491 P.2d 531 (1971). Also, it is not improper to dismiss the action where the conduct of corporation plaintiff's president was tantamount to a refusal to appear for his deposition. *Doanbuy Lease And Co. v. Melcher,* 83 N.M. 82, 488 P.2d 339 (1971). See also, *Miller v. City of Albuquerque,* 88 N.M. 324, 540 P.2d 254 (Ct.App.1975); *Rio Grande Gas Company v. Gilbert,* 83 N.M. 274, 491 P.2d 162 (1971).

The philosophy behind the drastic remedy was stated in *Doanbuy,* supra:

When a plaintiff in a civil action files a lawsuit, his adversaries are entitled to

generally understand that he will proceed in a lawful manner and that compliance will be had with the Rules of Civil Procedure, including those relating to discovery.

In cases of this sort, depositions may go on for weeks or even months, involving substantial expense. The progress of cases is hampered and delayed, the court dockets clogged and the beneficent purposes of discovery defeated by contumacious witnesses who refuse to be governed by the rules. [83 N.M. at 84–85, 488 P.2d at 341]

■ To make this concept effective, we have held that trial courts have supervisory control over their dockets and inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. The trial judge has such inherent supervisory control that he can initiate proceedings under Rule 37. *Miller*, supra, 540 P.2d at 259. District courts have the inherent power to dismiss for lack of compliance with a rule or order of court. *In Re C. S. Crawford & Co.*, 423 F.2d 1322 (9th Cir.1970).

Whether the trial court can dismiss an action under Rule 37(b)(2)(iii) for refusal of a plaintiff to obey an order of the court is a matter of first impression in New Mexico.

If it is proper for a trial court to dismiss an action for failure of the plaintiff to appear for deposition under Rule 37(d), then it is proper for a trial court to dismiss an action for failure of a plaintiff to comply with an Order of the court.

Although a finding of willfulness is required by 37(d) when no court order has been entered, the absence of such a requirement seems justifiable here [Rule 37(b)] because the court has already heard argument and determined the propriety of issuing an order compelling discovery. Furthermore, the broad discretion of the court to enter such sanctions "as are just" is sufficient to allow for the rare case of excusable disobedience. [74 Harv.L.Rev. at 988].

C. *The Order of Dismissal of November 3, 1975 and the modified Order of December 2, 1975 were not erroneous.*

(1) *The Order of Dismissal of November 3, 1975 was proper.*

■ Plaintiff's complaint was dismissed with prejudice for failure of plaintiff to comply with the court's order of September 29, 1975.

The order of September 29, 1975 provided in part:

. . . [T]hat Plaintiff . . . is ordered to answer fully and completely interrogatories [numbered] . . . . [T]hat answers to interrogatories shall be hand delivered to Defendant . . . on October 7, 1975 . . . or this case to be dismissed with prejudice.

Plaintiff was duly advised of the drastic remedy to be imposed on it.

Rule 37(a) of the Rules of Civil Procedure provides in part:

. . . [U]pon the refusal of a party to answer any interrogatory submitted under Rule 33, the proponent of the question may on . . . notice make . . . application for . . . an order.

Rule 37(b)(2)(iii) provides in part:

If any party or an officer or managing agent of a party *refuses to obey an order made under subdivision (a)* of this rule requiring him to answer designated questions, . . . the court may make such orders in regard to the refusal as are just, and among others the following:

\* \* \* \* \* \*

(iii) An order . . . dismissing the action . . . ; [Emphasis added]

A hearing was held and an Order was entered on November 3, 1975 dismissing the action with prejudice. Dickson had complied with Rules 37(a), (b)(2)(iii).

Plaintiff made no real attempt to comply with the court's order. Full and complete answers to Dickson's interrogatories were never presented to Dickson, nor filed of record. When this occurs, the failure to comply with the court's order is a wilful refusal under Rule 37(b)(2)(iii). "We see no abuse of discretion on the part of the trial court that should change the result." *Rio Grande Gas Company v. Gilbert*, 83 N.M. 274, 278, 491 P.2d 162, 166 (1971).

The order of dismissal of November 3, 1975 was proper.

(2) *Plaintiff did not comply with the modified Order of December 2, 1975.*

On November 7, 1975, plaintiff filed its motion to vacate the Order of Dismissal of November 3, 1975.

On November 24, 1975, a hearing was held. After the evidence was presented, the trial court announced its decision and on December 2, 1975, a modified Order was entered which would vacate the Order of Dismissal of November 3, 1975 if payment were made of defendants' expenses and attorney fees.

Plaintiff challenges this modified final Order.

Plaintiff contends that the evidence presented at the hearing on November 24, 1975 was sufficient to vacate the Order of Dismissal. This matter is not the issue under the modified Order of December 2, 1975. On the evidence presented, the trial court agreed to vacate the Order of Dismissal if the plaintiff would pay the expenses and attorney fees of defendants and answer interrogatories fully and completely.

The issue is: Was the modified Order valid?

Plaintiff did not object in the trial court to the form of the modified Order. It is not subject to review. The plaintiff chose not to comply with the modified Order.

The trial court had authority to impose the lesser sanctions. *Miller v. City of Al-buquerque*, supra. Plaintiff had adequate time to serve answers more fully and completely and failed to do so, and it was able to pay the expenses and attorney fees.

Plaintiff claims that the conditions for vacating the Order of Dismissal were an abuse of discretion because it was harsh to impose on plaintiff the amount necessary to pay the attorney fees and expenses of defendant. We disagree.

D. *Dismissal as to all defendants was "just".*

Plaintiff cannot see how the rights of defendants other than Dickson were affected by failure of counsel to appear, because the other defendants did not pursue Rule 37.

In *Foss v. Gerstein*, 58 F.R.D. 627 (U.S. D.C.Fla.1973) the District Court, under Rule 37(d), dismissed plaintiff's action as to all defendants because it was reasonable and proper. *Vava Pine, Inc. v. S/S Pacific Alliance*, 19 Fed.R.Serv.2d 162 (D.Md. 1974) allowed other defendants to remain in the case without explanation or reason. We have found no other authorities.

Rule 37(b)(2)(iii) provides that upon refusal to obey an order of the court, "the court may make such orders in regard to the refusal as are just . . . ." An order entered under this rule rests in the discretion of the trial court. *Flaks v. Koegel*, 504 F.2d 702 (2nd Cir.1974).

Sanctions may be light or drastic dependent on the facts and circumstances of each case. In this case, the trial court conscientiously believed that it was reasonable and proper to dismiss as to all defendants. We cannot now say that the trial court abused its discretion.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

LOPEZ, J., specially concurring.

LOPEZ, Judge (specially concurring).

I agree with Judge SUTIN'S opinion, but specially concur to comment on the

trial court's decision to dismiss as to all defendants. There is a paucity of case law on the sanctions to be applied where only some multiple parties are participating in discovery. With this case we should begin to articulate the considerations which are at play in imposing sanctions in multiparty litigation.

The defendants Dickson & Dubois filed the interrogatories, obtained the order to compel discovery, and noticed the deposition of the Pizza Hut employees. Dickson & Dubois alone moved for dismissal when the plaintiff failed to comply with the court's order.

The basis of liability against some of the defendants, including Dickson & Dubois, appears to be respondeat superior liability for the alleged breach of contract by other defendants. The interrogatories at issue addressed the underlying issue of the breach of contract, and thus were helpful to all defendants. There were no other issues outstanding against any of the defendants.

Thus on the facts of this case I would agree that the trial court properly exercised its discretion, in light of the substantial interest which all parties had in this discovery and the lack of independent claims unaffected by this discovery.