This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ADELA RIVERA,**

     Petitioner-Appellee,

v.                                     **NO. 30,882**

**DAVID F. RIVERA,**

     Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Francisco Mario Ortiz
Las Cruces, NM

for Appellee

David F. Rivera
Las Cruces, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

     Husband appeals an order denying his motion for sanctions, mandatory

counseling, and denial of spousal support.  In our notice, we proposed to affirm the

order. Husband has timely responded. We have considered his arguments and not being persuaded, we affirm.

Husband first contends that Judge Robles, who signed the notice, should have recused himself from this case. This matter was initially assigned to Judge Robles as the calendaring judge. For reasons totally unrelated to Husband's contentions, this case has now been reassigned and a panel appointed. Therefore, Husband's argument is moot as Judge Robles is not a member of the panel deciding the case.

In our notice, we proposed to conclude that there was no basis for the district court to enter contempt sanctions in this case. [CN 2] We pointed out that the alleged perjury appeared to be in a different case. Husband asserts that the district court had knowledge of the perjury being used to gain advantage in the divorce proceedings. [MIO 2] However, that assertion is belied by his next assertion that he has not been given the opportunity to litigate his claims of perjury. [MIO 3] There would be no need to litigate the claims if the district court already knew about them. We continue to conclude that the appropriate venue for his claim of perjury was in the case where the perjury allegedly occurred.

Husband expresses puzzlement with our proposal that the alleged violation of the parenting plan did not provide a basis for holding Wife in contempt. We pointed out that a guardian ad litem had been appointed for the children and that issues

3

relating to the parenting plan, including Wife's alleged violations, are on-going. We proposed to conclude that because there were a number of on-going issues related to the parenting plan, the district court did not abuse its discretion in declining to issue a contempt citation. It is true that violations of court orders can result in contempt citations, but that is not always the case. The district court may use other means to resolve what may be violation of court orders. It is appears that is what occurred here. We cannot say that the district court was in error in using its discretion regarding the most appropriate way to resolve the conflicts in this case.

Husband contends that Wife and her counsel were continually allowed to disobey court orders and that the district court refused to enforce its own orders and that he was denied due process. As we pointed out in our notice, it appears from the record that this matter had arisen to such a level of contentiousness that the district court simply dealt with the merits of the case, rather than the numerous motions filed by Husband at every turn. Husband contends that the matter was contentious because the district court failed to enforce the law. We do not see any evidence in the record that the district court failed and refused to enforce the law. It appears that the district court was attempting to resolve a petition for dissolution of marriage with four minor children and disagreement regarding property and debt. Such matters can be highly emotional with each side asserting a view of the case that may not be fully supported

by the facts. It appears that the district court sought to get the matter resolved without having to resort to contempt proceedings.

Finally, Husband contends that the district court misused its power. He contends that he was intimidated and threatened in the courtroom. We do not condone threats or intimidation of parties during proceedings. However, a judge has inherent authority to efficiently manage its docket so as to achieve the orderly and expeditious disposition of cases. *See Pizza Hut of Santa Fe, Inc. v. Branch*, 89 N.M. 325, 327, 552 P.2d 227, 229 (Ct. App. 1976). Thus, the district court may interrupt argument that is irrelevant or order a party to exercise decorum in the court. A party's right to due process does not include the right to disrupt the courtroom or argue with the judge. As we pointed out in our notice, where as here the district court has no authority to grant the relief requested, the district court could, within its discretion, refuse to conduct a full-blown evidentiary hearing on the matter and request Husband to stop talking.

Contrary to Husband's claim that he cannot get justice from the courts, we have pointed out to him the manner in which he can pursue his claims of perjury and abuse of process. While it may not make any sense to him and may appear unfair, the law has certain requirements that must be followed if he wants to pursue such claims. The case before the district court was a dissolution of marriage. What Husband is

complaining about is a matter, while possibly related, not directly relevant to the issues to be decided in the divorce. The law requires such collateral matters to be brought in a different proceeding. *Cf. Fleetwood Retail Corp. of N.M. v. Ledoux*, 2007-NMSC-047, 142 N.M. 150, 164 P.3d 31 (discussing the pleading and proof of malicious abuse of process claims).

For the reasons stated herein and in the notice of proposed disposition, we affirm the district court's order denying Husband's various motions.

**IT IS SO ORDERED**.


_____
**MICHAEL E. VIGIL, Judge**
**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**CYNTHIA A. FRY, Judge**