This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ZIA TRUST COMPANY, as Personal Representative of the Estate of Harvey Yoakum, Deceased, and SHERRY YOAKUM and APRIL YOAKUM,**

Plaintiffs-Appellants,

v.                                                                      NO.   29,358

**SAN JUAN REGIONAL MEDICAL CENTER, INC., SAN JUAN REGIONAL ER PHYSICIANS, SAN JUAN SURGICAL ASSOCIATES, DAVID WILLIAM McCRAY, M.D., HEEMUN KWACK, M.D., GARY C. RUGGERA, M.D., and FOUR CORNERS ANESTHESIA, P.A.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Geraldine E. Rivera, District Judge**

The Branch Law Firm
Turner W. Branch
Frank V. Balderrama
Albuquerque, NM

for Appellants

Civerolo, Gralow, Hill & Curtis, A Professional Association

Robert J. Curtis
Megan Day Hill
Albuquerque, NM

for Appellees San Juan Regional Medical Center, Inc.

McClaugherty & Silver, P.C.
Joe L. McClaugherty
Jere Kathryn Smith
Santa Fe, NM

for Appellees Gary C. Ruggera, M.D. and
Four Corners Anesthesia, P.A.

Sharp Law Firm
Lynn S. Sharp
Charles P. List
Albuquerque, NM

for Appellees David William McCray, M.D.

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Plaintiffs appeal the denial of their motion to reconsider the district court's order striking their expert witnesses for abuse of the discovery process and, as a result, dismissing the case. The district court found that Plaintiffs willfully abused the discovery process and intentionally withheld information to which Defendants were entitled. Because these findings are supported by substantial evidence, we conclude that the court did not abuse its discretion and we therefore affirm.

# I.  BACKGROUND

The underlying facts of this case are simple.  Decedent Harvey Yoakum presented at the San Juan Regional Medical Center with acute appendicitis and severe dehydration.  He required emergency surgery to remove his appendix.  The surgery was not immediately performed, and Mr. Yoakum died.  Plaintiffs initiated a suit for wrongful death.  The district court excluded Plaintiffs' expert witnesses as a sanction under Rule 1-037 NMRA for discovery violations.  Without expert witnesses, Plaintiffs could not prove their case and the case was dismissed.  Our discussion of the facts therefore relates primarily to the discovery proceedings.  Additionally, because the absence of medical experts is dispositive, and because the record is not well developed with respect to the economic expert, we discuss only the exclusion of the medical experts.

In its original scheduling order, the court directed the parties to disclose their expert witnesses by May 31, 2007.  The disclosure was to include "the expert's name, address, job title and qualifications, and a brief summary of the expert's anticipated testimony."  Plaintiffs disclosed Dr. Jeffrey Rothschild and Dr. John Curtis as experts on June 7, 2007, one week after the deadline; however, they did not produce reports from either doctor indicating what their opinions might be or the basis for those opinions.  In fact, Plaintiffs did not even produce the curriculum vitae (CVs) of the

doctors. Plaintiffs stated only that the doctors were "expected to testify regarding Defendants' breaches in the standard of care." Discovery was to be completed by January 4, 2008, although this was later extended to June 2, 2008.

Defendants made numerous attempts to learn what Plaintiffs' experts intended to testify and what the basis was for those opinions. Drs. Kwack and McCray each served interrogatories asking for this information. Plaintiffs responded to each in February of 2007, stating only that they "agree[d] to comply with any Scheduling Order or Pretrial Order . . . [and] reserve[d] the right to supplement" their answer. On June 29, 2007, Dr. McCray requested that these answers be supplemented. Plaintiffs supplemented both answers. However, the new answers simply copied the one-sentence responses from the June 7, 2007 expert witness list, adding only that the fee schedules and CVs were attached and that certain information would be supplemented. The CVs were not in fact attached. Dr. Ruggera served a similar interrogatory on May 2, 2008. Plaintiffs' response to this interrogatory was similar to the supplemental answers it had provided to Drs. Kwack and McCray. On April 16, 2008, and again on May 5, 2008, and finally on June 16, 2008, Dr. McCray repeated his request that Plaintiffs supplement their answer to the interrogatory. Plaintiffs do not appear to have ever supplemented with regard to Dr. Curtis. On June 17, 2008, Plaintiffs

4

indicated that because they had no report from Dr. Rothschild, they could not identify who he would be a witness against or what he might say.

Dr. Curtis was deposed on April 21, 2008. Plaintiffs had provided his CV five days earlier (almost a year after the May 31, 2007 deadline). Plaintiffs had not disclosed the substance of Dr. Curtis' opinions prior to the deposition. Dr. Curtis stated that, based on the charts, he had formed his opinions approximately six months prior to the deposition. He stated that he provided his opinions to Plaintiffs at that time and had not changed them since. Upon hearing this, counsel for Defendants warned Plaintiffs that since they had not revealed any of Dr. Curtis' opinions in response to multiple interrogatories, "depending on what [Dr. Curtis is] about to tell me . . . we may move to strike him as an expert witness or seek other sanctions from the court for failure to supplement the discovery prior to the time of this deposition."

Dr. Rothschild was deposed on June 25, 2008. Eight days prior to the deposition, Plaintiffs indicated that "due to the fact that we do not have a report from Dr. Rothschild[,] it is impossible to identify the extent of his testimony specifically against any one defendant." At least as late as April 17, 2008 (almost a year after the deadline), Plaintiffs still had not produced a CV for Dr. Rothschild, nor had they answered the interrogatories regarding what Dr. Rothschild was expected to say or what basis he had for his opinions. However, at the deposition, Dr. Rothschild stated

that he had provided this information to Plaintiffs in a report he sent sometime during November of 2007.

The district court struck the experts, concluding that they were not qualified. This Court reversed, but noted that Defendants were free on remand to pursue their argument that the experts should be struck under Rule 1-037 for discovery violations. The following day, the district court filed a decision striking the experts for "flagrant discovery abuses" and again dismissing the case. The district court noted that (1) Plaintiffs had violated the scheduling order by disclosing experts late and by not making its experts available for deposition before the close of discovery; and (2) Plaintiffs' expert disclosure was inadequate and that "Defendants were forced to participate in depositions unaware of the expert's opinion, the basis of that opinion, or even the target of the opinion." The district court observed that "Plaintiffs ignored the scheduling order and, even when requested for fuller answers, persisted in giving Defendants unhelpful, vague, nonconforming responses. Plaintiffs did this with full knowledge that they had the ability to give Defendants a complete, specific response." The court concluded that "[g]iven Plaintiffs' willful abuse of the discovery process and its intentional withholding of information to which Defendants were entitled," the motion to strike Plaintiffs' expert witnesses would be granted.

Plaintiffs filed a motion to reconsider and a notice of appeal. The district court ruled that the notice of appeal divested it of jurisdiction to rule on the motion to reconsider. This court remanded for the limited purpose of considering the motion to reconsider. The district court then ordered a mediation. When the mediation did not resolve the case, the court again denied the motion to reconsider for the reasons stated in its initial order. No hearing was held on the merits of the motion to reconsider.

## II.    DISCUSSION

"When a plaintiff in a civil action files a lawsuit, his adversaries are entitled to generally understand that he will proceed in a lawful manner and that compliance will be had with the Rules of Civil Procedure, including those relating to discovery." *Pizza Hut of Santa Fe, Inc. v. Branch*, 89 N.M. 325, 326-27, 552 P.2d 227, 228-29 (Ct. App. 1976). To enforce this, the rules permit a court to impose sanctions for failure to comply with discovery orders. *See* Rule 1-037(B), (D). Sanctions can vary in severity from fines, to orders precluding parties from establishing facts or pursuing claims or defenses, up to the most extreme remedies of dismissal or default judgment. *See id.* We review a district court's decision to impose sanctions under Rule 1-037 for abuse of discretion. *Allred ex rel. Allred v. Bd. of Regents of the Univ. of N.M.*, 1997-NMCA-070, ¶ 17, 123 N.M. 545, 943 P.2d 579.

In the instant case, the district court chose to sanction Plaintiffs for discovery violations by excluding Plaintiffs' expert witnesses. Our Supreme Court has stated that, unlike the extreme sanction of dismissal, "[e]xcluding a witness, while still a drastic remedy, is 'one of the lesser sanctions' available to the court." *Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶ 13, 131 N.M. 317, 35 P.3d 972 (quoting *Shamalon Bird Farm, Ltd. v. U.S. Fid. & Guar. Co.*, 111 N.M. 713, 716, 809 P.2d 627, 630 (1991)). However, New Mexico cases have treated lesser sanctions—including the exclusion of witnesses—as dismissals when their effect is to compel the dismissal of the case. *See Allred*, 1997-NMCA-070, ¶ 25 (treating the district court's order that a party must disclose certain information or be precluded from submitting the issue of damages to the jury as a dismissal); *cf. State v. Harper*, 2011-NMSC-044, ¶ 21, ___ N.M. ___, ___ P.3d ___ (equating exclusion of a witness to dismissal of the case when the exclusion prevented the state from making a prima facie case). Because the order excluding all expert witnesses in this case was the functional equivalent of dismissal, we treat it as a dismissal.

An additional rule applies when the sanction is dismissal. Although discovery sanctions are reviewed for abuse of discretion, sanctions "entailing the denial of an opportunity for a hearing on the merits[] may only be imposed when the failure to comply is due to the willfulness, bad faith[,] or fault of the disobedient party." *United*

8

*Nuclear Corp. v. General Atomic Co.*, 96 N.M. 155, 202, 629 P.2d 231, 278 (1980). Such a showing requires either

> (1) a clear showing of willfulness, bad faith, or other fault in the record; or (2) when the record is unclear, more explicit findings by the trial court (indicating that that court indeed found willfulness, bad faith, or other fault) that are then supported by substantial evidence in the record.

*Allred*, 1997-NMCA-070, ¶ 28. Willfulness, in this context, includes "any conscious or intentional failure to comply[,] as distinguished from accidental or involuntary non-compliance." *United Nuclear*, 96 N.M. at 202, 629 P.2d at 278 (internal quotation marks and citation omitted).

A finding that conduct was willful is frequently supported by evidence that there were numerous discovery violations. For example, in *Reed v. Furr's Supermarkets, Inc.*, a plaintiff misrepresented her prior medical history at deposition, making twenty-one statements that were contrary to her medical records. 2000-NMCA-091, ¶ 22, 129 N.M. 639, 11 P.3d 603. In affirming the dismissal of the case, we noted that the plaintiff had "repeatedly misrepresented her past medical history, demonstrating her intentional failure to comply with the requirements of Rule 1-037." *Reed*, 2000-NMCA-091, ¶ 14 (alterations omitted) (internal quotation marks omitted). In *Allred*, this Court found that the plaintiffs' consistent failure to supplement answers to interrogatories supported the dismissal of the case for discovery violations. 1997-NMCA-070, ¶ 30. And in *Lewis*, our Supreme Court emphasized the repeated nature

9

of the plaintiff's discovery violations as justification for the exclusion of two of the plaintiff's experts. 2001-NMSC-035, ¶¶ 17, 22, 24.

The dismissal of the experts in this case is supported by Plaintiffs' repeated and willful disregard for discovery obligations. Initially, Plaintiffs failed to disclose their experts by the deadline imposed in the scheduling order. Furthermore, because they did not meaningfully identify the nature of the experts' testimony or provide CVs for the experts, these late disclosures failed to comply with the scheduling order. The most egregious violations, however, were the repeated failures to respond adequately to or to supplement the answers to the interrogatories regarding the substance of Plaintiffs' experts' opinions and the basis for those opinions. Defendants were entitled to discover, for each expert, "the subject matter on which the expert [was] expected to testify, . . . the substance of the facts and opinions to which the expert [was] expected to testify[,] and a summary of the grounds for each opinion." Rule 1-026(B)(6)(a) NMRA. Although Defendants repeatedly requested this information, it was never provided. Yet both experts testified that they had provided the information to Plaintiffs months prior to the depositions. These repeated violations demonstrate a willful and intentional failure to comply. *See Reed*, 2000-NMCA-091, ¶ 14; *Allred*, 1997-NMCA-070, ¶ 30. Sanctions are appropriate not only to achieve justice in this case, but to ensure the integrity of the discovery process in the future. *See Lewis*,

2001-NMSC-035, ¶ 24. Accordingly, we conclude that the district court did not abuse its discretion by excluding the experts.

**III.    CONCLUSION**

For the foregoing reasons, the district court's order excluding the experts and denying the motion to reconsider is affirmed.

**IT IS SO ORDERED.**

 

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**CELIA FOY CASTILLO, Chief Judge**

**MICHAEL E. VIGIL, Judge**