This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO ex rel,**
**HUMAN SERVICES DEPARTMENT,**
**STATE OF PENNSYLVANIA and**
**FAATIMA SPRAGGANS,**

     Petitioners-Appellees,

v.                                                                          **NO. 32,822**

**AARON GREEN,**

     Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Glenn T. Ellington, District Judge**

Sarah J. Batzli
Santa Fe, NM

for Appellee

Aaron Green
Santa Fe, NM

Pro se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Respondent Aaron Green appeals, pro se, from a district court order affirming the report of a child support hearing officer.  We issued a calendar notice proposing to affirm.  Respondent has responded with a memorandum in opposition. We affirm.

{2}     **Issue 1:** Respondent continues to claim that the lack of the parties' signatures on the worksheet attached to the hearing report renders the report invalid. [MIO 2] *See* NMSA 1978, § 40-4-11.6 (1991) (requiring signatures on worksheets).  Respondent still has not indicated that he preserved this issue below. *See Roberts v. Wright*, 1994-NMCA-022, ¶ 21, 117 N.M. 294, 871 P.2d 390 (holding that a party must preserve challenge to non-compliance with Section 40-4-11.6). The issue is not included in his list of objections to the report. [RP 68]  In any event, Respondent has not established that the worksheet contains error. *See In re Estate of Heeter,* 1992-NMCA-032, ¶ 23, 113 N.M. 691, 831 P.2d 990 ("On appeal, error will not be corrected if it will not change the result."). As such, he has not shown prejudice. *See  Hartman v. Texaco Inc.*, 1997-NMCA-032, ¶ 25 n.4, 123 N.M. 220, 937 P.2d 979 (ruling that an assertion of prejudice is not a showing of prejudice, and that in the absence of prejudice, there is no reversible error).

{3}     **Issue 2:** Respondent continues to claim that the hearing officer should have used his actual income, instead of imputing Santa Fe's minimum wage as his income for purposes of the worksheet. [MIO 6]  *See Quintana v. Eddins*, 2002-NMCA-008,

¶ 23, 131 N.M. 435, 38 P.3d 203 (recognizing that "the child support statute offers little guidance to [district] courts in evaluating the significance of a discrepancy between actual income and earning potential for the purpose of imputing income"). In order to impute income for underemployment, the factfinder must determine the credibility of the allegedly underemployed parent and "decide whether [that parent] has acted in good faith to earn and preserve as much money to support [his or] her children as could reasonably be expected under the circumstances." *Boutz v. Donaldson*, 1999-NMCA-131, ¶ 6, 128 N.M. 232, 991 P.2d 517. We have noted that "[a]lthough not defined by our cases or the child support guidelines, 'good faith' in the context of underemployment typically means acting for a purpose other than to reduce or avoid a child support obligation." *Quintana*, 2002-NMCA-008, ¶ 17. Further, "[i]n cases in which a parent does not act primarily to affect a child support obligation, the relevant inquiry is whether the parent's career choices are reasonable under the circumstances." *Id*.

{4}     Here, the hearing officer report indicates that Respondent refused to answer questions related to his income. [RP 50]  Although Respondent claims that he was invoking his fifth amendment right to remain silent [MIO 7], we believe that this was sufficient for the hearing officer to determine that Respondent was not making a good faith effort with respect to securing income for the children. *See Quintana*, 2002-

3

NMCA-008, ¶ 16 ("The purposes of allowing a [district] court to impute income to an underemployed parent are to discourage the parent from shirking the obligation to support one's children and to encourage the underemployed parent to work at full capacity for the benefit of the children."); *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that when considering the sufficiency of the evidence to support a finding "the appellate court resolves all disputes of facts in favor of the successful party and indulges all reasonable inferences in support of the prevailing party"). In addition, even if Respondent could invoke the right in this context, he would still have to accept the consequences of his refusal to answer questions relevant to the imputation of income.

{5}     **Issue 3:** Respondent claims that the district court failed to address his jurisdictional arguments on the merits. [MIO 8]  The burden is on Respondent, as the appellant, to clearly demonstrate that the trial court erred. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 9, 111 N.M. 6, 800 P.2d 1063. The record indicates that Respondent claimed that he was a "sovereign citizen of the land," not subject to the court's jurisdiction. [RP 28] We are aware of no authority that would support this specific proposition, and Respondent has not referred us to any. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (observing that where a party cites no authority to support an argument, we may

4

assume no such authority exists). To the extent that Respondent is arguing that his "sovereign citizen" claim shifted the burden to Petitioner [MIO 9], we conclude that the claim is without merit.

{6}     **Issue 4:** Respondent continues to argue that the hearing officer was biased against him. [MIO 10] Respondent's argument is primarily that the hearing officer ruled against him in rejecting his various claims. We note that "[r]ulings adverse to a party do not necessarily evince a personal bias or prejudice on the part of the judge against it, even if the rulings are later found to have been legally incorrect." *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 425, 96 N.M. 155, 629 P.2d 231. To the extent that Respondent is claiming that the parties were treated unequally, it appears that this is the result of Respondent's own conduct during the proceedings. Court officers have broad discretion in the management of its time and the operation of its docket. *See Pizza Hut, Inc. v. Branch,* 1976-NMCA-051, ¶ 8, 89 N.M. 325, 552 P.2d 227 (stating that "[district] courts have supervisory control over their dockets and inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

{7}     **Issue 5:** Respondent has designated as "issue 5" a claim that the rules of civil procedure were not followed. [MIO 13] We construe this as a reiteration of the claims made above, which we have concluded do not establish reversible error.

{8}    For the reasons set forth above, we affirm.

{9}    **IT IS SO ORDERED.**

_____
                    **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**