This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**THERESA DE GEEST,**

Petitioner-Appellee,

v.                                                                 **NO. 33,189**

**PETER DE GEEST,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Edmund H. Kase, III, District Judge**

Mark A. Filosa
Truth or Consequences, NM

for Appellee

Albert J. Costales
Truth or Consequences, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Appellant Peter De Geest (Respondent) appeals from the order denying his motion for relief from judgment pursuant to Rule 1-060(B) (NMRA). [RP 1014] Our

notice proposed to affirm. Appellee Theresa De Geest (Petitioner) filed a memorandum in support, and Respondent filed a memorandum in opposition. We remain unpersuaded by Respondent's arguments and therefore affirm.

{2}     Respondent continues to argue that the hearing officer abused her discretion in refusing to permit Respondent to present evidence in support of his Rule 1-060(B) motion. [DS 3; MIO 1] Our notice detailed Respondent's asserted claims of error and observed that the assertions were all based on a claim that calculation of the offset was not what the hearing officer and district court had intended. We further observed that this type of error only required the hearing officer and district court to review the calculations and determine whether they were done in the manner intended or not. Given this, we concluded that any testimony by either the attorney who prepared the order or by Respondent was not necessary in order to establish such an error. We further noted that Respondent's attorney was given the opportunity to make arguments in order to explain to the hearing officer why Respondent believed that the calculations did not reflect the hearing officer's intent. [DS 2] In his response to our notice, Respondent does not respond directly to our observation that the type of error asserted did not require the presentation of additional evidence, but instead just generally maintains that he should have been allowed the opportunity to present additional evidence. Because, however, the asserted error could be addressed without

additional evidence, we conclude that the refusal to take evidence on the matter was not in error. *See, e.g.*, *Pizza Hut of Santa Fe, Inc. v. Branch*, 1976-NMCA-051, ¶ 8, 89 N.M. 325, 552 P.2d 227 (recognizing that "trial courts have supervisory control over their dockets and inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). To this end, while Rule 11-611(A) NMRA provides that it is within a district court's discretion to control the presentation of evidence [MIO 2], this discretion necessarily includes the discretion to not consider further evidence when it is unnecessary to do so.

{3}     Lastly, Respondent's response does not address our notice's discussion of the district court's ruling regarding the distribution of the personal property. Accordingly, for the reasons detailed in the notice, we conclude no error took place. *See generally State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact."), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287 (stating that a failure to respond to a calendar notice constitutes acceptance of the proposed disposition).

{4}     To conclude, for the reasons provided above and in our notice, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**CYNTHIA A. FRY, Judge**