This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41692

**DAVID ZEPEDA,**

Plaintiff-Appellant,

v.

**RONALD PINNICK,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Casey Fitch, District Court Judge**

David Zepeda
Alamogordo, NM

Pro Se Appellant

Martin & Lutz, P.C.
David Lutz
Las Cruces, NM

for Appellee

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}**     Plaintiff appeals from the district court's final judgment and its order denying, in part, his motion for reconsideration. We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     Initially, we note that in his memorandum in opposition, Plaintiff only renews two of the three issues he raised in the docketing statement. We limit the scope of our discussion accordingly. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 208, 814

P.2d 136 (explaining that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned). In Plaintiff's memorandum in opposition, he argues that "any presumptions of correctness by the trial courts [are] in fact promoting of bias and prejudice in [a]merican [j]urisprudence, in that it allows room to stray from star[e] decisis in law." [MIO 1] We note, however, that the burden is on the appellant to demonstrate that the district court erred, and it is with this principle in mind that we address Plaintiff's memorandum in opposition. *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred.").

**{3}** Plaintiff continues to argue that the district court erred by allowing his attorney to withdraw before trial. [MIO 1] Specifically, Plaintiff contends that his counsel "falsely stat[ed] that he had obtained consent from Plaintiff to withdraw from [the] case" [MIO 1], and that "the motion to withdraw was an oral motion hearing held in absentia, without the knowledge of [Plaintiff]" [MIO 2]. Plaintiff further maintains that pursuant to Rule 1-089(B) NMRA, which governs the withdrawal of attorneys in district court, he had twenty days in which to find new counsel, and because the trial was scheduled in less than twenty days, that requirement could not be honored. [MIO 2]

**{4}** Rule 1-089(B) provides that "[a]n attorney shall obtain a court order permitting withdrawal when . . . the attorney has appeared without limitation." In addition, Rule 1-089 requires that "[w]hen an order permitting withdrawal will result in a party to an action not being represented by an attorney, the order shall reasonably advise that the unrepresented party shall have twenty (20) days to retain an attorney or be deemed to have entered an appearance pro se."

**{5}** The record proper indicates that Plaintiff's counsel filed his motion to withdraw as counsel on the grounds that Plaintiff "failed to satisfy payment as per the Ramon Hernandez Law, LLC, contract." [1 RP 211] The record proper further indicates that Plaintiff's counsel filed the motion sixteen days before a scheduled hearing [1 RP 211], and the district court, in its order allowing the withdrawal, provided Plaintiff ten days to "obtain new counsel or will be deemed to [proceed] [p]ro [s]e" [1 RP 213].

**{6}** Plaintiff asserts that the district court should have given him twenty days to obtain a new attorney. This Court has previously held that a district court has the inherent authority to control the cases on its docket, which includes controlling the movement of cases from the initial filing through the final disposition. *See Pizza Hut of Santa Fe, Inc. v. Branch*, 1976-NMCA-051, ¶ 8, 89 N.M. 325, 552 P.2d 227 (recognizing that "trial courts have supervisory control over their dockets and inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). As noted above, Plaintiff's counsel moved to withdraw sixteen days before a scheduled hearing. [1 RP 211] Given the short amount of time, the district court provided Plaintiff ten days in which to obtain new counsel, putting him on notice that he would be deemed *pro se* if he did not do so. Finally, we note that although Plaintiff asserts in his memorandum in opposition that he sought a continuance of the hearing after his counsel withdrew,

Plaintiff has not cited to the record proper to support this assertion nor does our review reflect this. As such, we conclude that the district court did not err by allowing Plaintiff's counsel to withdraw.

**{7}** Plaintiff also continues to argue, albeit briefly, that the district court did not allow one of his witnesses to testify. In our calendar notice, we explained that Plaintiff did not provide us with enough information to evaluate whether the district court had erred in this matter. [CN 3] In his memorandum in opposition, Plaintiff asserts that the district court "denied [his] trial witness testimony . . . who was present during trial, by stating that she had no significant evidence or information to add that would sway the outcome." [MIO 2] Plaintiff, however, has provided us with no further detail about what testimony he sought to introduce through this witness or how he was prejudiced by the district court not allowing the witness to testify. A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{8}** For the reasons stated in our notice of proposed disposition and herein, we affirm the district court.

**{9}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**