This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-36953

**KAREN BOULANGER,**

Plaintiff-Appellee,

v.

**RIO RANCHO PUBLIC SCHOOLS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Law Office of Jonlyn M. Martinez, LLC
Jonlyn M. Martinez
Albuquerque, NM

for Appellee

Cuddy & McCarthy, LLP
Charlotte H. Hetherington
Jacque Archuleta-Staehlin
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**B. ZAMORA, Judge.**

**{1}** In this civil action to enforce provisions of the New Mexico Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2019), Defendant Rio Rancho Public Schools (RRPS) seeks reversal of two orders issued by the district court related to a discovery dispute between RRPS and Plaintiff Karen Boulanger. We affirm.

**BACKGROUND**

**{2}**     This appeal stems from a nearly year-long attempt by Boulanger to secure discovery responses from RRPS, and the district court's order granting Boulanger's motion to compel and order holding RRPS in contempt that resulted therefrom. On January 13, 2017, Boulanger, an employee of RRPS, was placed on paid leave and told that her employment contract would not be renewed. On January 18, 2017 and January 25, 2017, Boulanger submitted written requests under IPRA to RRPS requesting inspection of certain documents related to her employment with the RRPS. RRPS produced responsive documents in February 2017, but Boulanger was dissatisfied with the production and on March 8, 2017, she filed a complaint seeking declaratory and injunctive relief, alleging that RRPS failed to respond to her IPRA requests in a timely manner and failed to produce the records requested.

**{3}**     Thereafter, Boulanger served RRPS with interrogatories and requests for production. Dissatisfied with RRPS's answers and responses, on June 8, 2017, Boulanger filed a motion asking the district court to compel answers and responses to all of the interrogatories and the requests for production. Following a hearing on the matter, the district court granted the motion, and held, "[a]ll [o]bjections and privileges having been waived, [RRPS] shall provide complete responses to [Boulanger']s [i]nterrogatories and [r]equests for [p]roduction by September 14, 2017." In addition, the district court ordered RRPS to pay Boulanger for the fees incurred in connection with obtaining the order to compel. On September 14, 2017, the day the complete responses were due, counsel for RRPS contacted counsel for Boulanger and stated that RRPS was "[un]able to review and produce" certain documents, and "unable to complete . . . answers to the [i]nterrogatories." RRPS then served amended responses to Boulanger's requests for production, which sought belatedly to add objections to the responses. Boulanger filed a motion for order to show cause, alleging that RRPS "failed to comply with the [c]ourt's [August 31, 2017 o]rder[,] by failing to provide responsive emails[,] by failing to provide appropriate responses to [Boulanger]'s [i]nterrogatories . . . [and by] includ[ing] objections in its [amended] responses" to Boulanger's requests for production. The district court subsequently issued an order holding RRPS in contempt and ordered:

> Except for those objections related to confidential student and employee information, specifically, under FERPA, IDEA and personal information such [as] social security numbers, all other objections and privileges having been waived, as previously ordered, [RRPS] shall provide complete responses to [Boulanger']s [i]nterrogatories and [r]equests for [p]roduction[.]

The court further ordered "defense counsel . . . not [to] bill [RRPS] for any time spent reviewing [documents] for attorney client privilege, and for creation of the privilege log, given that the privilege had already been waived." The district court also ordered counsel for RRPS to meet with counsel for Boulanger to determine how best to conduct an electronic search for the information and documents sought by the discovery responses. Finally, the district court ordered RRPS to pay $100 per day each day the other responsive documents were withheld, and ordered RRPS to pay Boulanger's

attorney fees incurred in connection with obtaining the order holding RRPS in contempt. On January 5, 2018, RRPS filed a writ of error with this court, and this appeal followed.[1]

## DISCUSSION

**{4}** On appeal, RRPS alleges that (1) it did not waive its objections and privileges in responding to discovery; (2) the district court abused its discretion in ordering discovery beyond the scope of the original IPRA requests and failing to conduct an in camera review before ordering disclosure; (3) the district court's contempt order should be reversed because it inappropriately awarded "damages" and attorney fees; and (4) the portion of the contempt order directing RRPS not to charge for services rendered by RRPS's counsel is arbitrary and capricious.

### I.       Standard of Review

**{5}** "We review a district court's discovery orders for an abuse of discretion." *Villalobos v. Bd. of Cnty. Comm'rs*, 2014-NMCA-044, ¶ 14, 322 P.3d 439. "[W]e [also] review sanctions imposed by the [district] court for discovery violations and violations of court orders for an abuse of discretion." *Sanchez v. Borrego*, 2004-NMCA-033, ¶ 10, 135 N.M. 192, 86 P.3d 617. Consequently, "we will [only] disturb the [district] court's ruling . . . when the trial court's decision is clearly untenable or contrary to logic and reason." *Id.*

### II.      The District Court's Order Finding That RRPS Waived Its Objections and Privileges Was Not an Abuse of Discretion

**{6}** RRPS argues that it did not waive its objections and privileges in responding to Boulanger's discovery requests. RRPS's principal argument is that it met its obligations in responding to Boulanger's prelitigation IPRA requests, and that it then preserved the objections and assertions of privilege made therein when responding to Boulanger's discovery requests during litigation.

**{7}** We begin by noting that whether RRPS waived its objections and assertions of privilege in response to Boulanger's discovery requests is a question guided by the Rules of Civil Procedure, and not by the provisions of IPRA. IPRA and the Rules of Civil Procedure are wholly separate mechanisms. IPRA is a statutory scheme established by

---

[1]In this case, RRPS appeals both the district court's order granting Boulanger's motion to compel and the order holding RRPS in contempt that resulted therefrom. We have previously held that an order compelling discovery is not a collateral order, and must normally be reviewed via interlocutory appeal. *King v. Allstate Ins. Co.*, 2004-NMCA-031, ¶ 18, 135 N.M. 206, 86 P.3d 631. However, we have also clarified that "[a] party who seeks to challenge an order granting a motion to compel discovery . . . can either apply for an interlocutory appeal or refuse to comply, be held in contempt and file an appeal as of right from both the contempt judgment and the underlying discovery order on which the contempt was based." *Id.* ¶ 19. Because a party has a right to a direct appeal from an order of contempt, s*ee State v. Ngo*, 2001-NMCA-041, ¶ 7, 130 N.M. 515, 27 P.3d 1002 (stating that a contempt order is "final and appealable when entered"), and because the order of contempt is inextricably linked to the order granting the motion to compel, we construed RRPS's writ of error as a timely notice of appeal as to both orders.

the Legislature which codifies the right of the public to inspect public records with certain exceptions. *See generally* § 14-2-1. A member of the public may file an IPRA request at any time, regardless of whether that person is involved in a lawsuit. *See generally id.* In contrast, the Rules of Civil Procedure apply to "all suits of a civil nature whether cognizable as cases at law or in equity except . . . where there are contrary statutory provisions concerning special statutory or summary proceedings." Rule 1-001(A) NMRA. An action to enforce the provisions of IPRA is not a "special statutory or summary proceeding[]" within the meaning of Rule 1-001(A). *See id.* comm. cmt. (defining "Special Proceedings" and "Summary Proceedings"). Thus, the Rules of Civil Procedure apply to this case, and whether RRPS waived its objections and privileges depends upon whether RRPS adequately asserted objections and privileges under the Rules of Civil Procedure, and not upon whether RRPS stated any privileges or objections when responding to Boulanger's IPRA requests.[2]

**{8}**     The rules governing discovery during litigation state that "[a] party responding to discovery requests shall provide all non-privileged responsive information then known to the party, subject to the limitations in these rules or as ordered by the court." Rule 1-026(B)(1) NMRA. Rule 1-026(B)(7)(a) requires that when a party withholds information that is otherwise discoverable, "the party shall make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." The rules applicable to interrogatories further provide that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Rule 1-033(C)(1) NMRA. "All grounds for an objection to an interrogatory *shall be stated with specificity*. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Rule 1-033(C)(4) (emphasis added).

**{9}**     With respect to the particular assertion that RRPS did not waive its objections and privileges in responding to discovery, RRPS only develops an argument that it adequately stated its objections and claims of privilege with respect to interrogatory numbers two, four, and five, so we limit our analysis to these specific discovery requests.[3] *See* Rule 12-318(A)(4) NMRA ("[A]n argument which, with respect to each

---

2To be clear, there is nothing in the Rules of Civil Procedure prohibiting a party from appropriately referencing or incorporating specific portions of prelitigation correspondence as part of a party's objections and assertions of privilege. The question is whether RRPS did in fact make sufficient objections and assertions of privilege as the Rules of Civil Procedure require.

3While RRPS broadly claims that it adequately stated objections and claims of privilege with respect to all discovery served by Boulanger, RRPS's responses to Boulanger's requests for production do not contain any objections or assertions of privilege. They either attach responsive documents as exhibits without objection, deny the requested documents exist without objection, or reference previous productions, again, without objection. In addition, RRPS does not develop an argument on appeal that it adequately stated any objections or assertions of privilege with respect to Boulanger's requests for production, and this Court has no duty to review an argument that is not adequately developed. *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument

issue presented, shall contain . . . the contentions of the appellant, and a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on. . . . The argument shall set forth a specific attack on any finding, or the finding shall be deemed conclusive."); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). We set forth the relevant interrogatories and the answers thereto:

> INTERROGATORY NO. 2: With regard to any document requested by [Boulanger] but not produced, please list the factual and legal basis that the document was not produced.
>
> ANSWER: Documents which fall within the definition of "matters of opinion" and/or "attorney-client privileged information" are not subject to disclosure under the IPRA.[4]
>
> . . . .
>
> INTERROGATORY NO. 4: Please list the factual and legal basis for any denial [RRPS] made of any allegation made in the [Boulanger']s [c]omplaint.
>
> ANSWER: To the extent documents responsive to [Boulanger']s IPRA request exist they have been provided. Documents which are either attorney-client communications, matters of opinion are not subject to inspection under the public records act. The District does not maintain a list of employees it has terminated. The "working file" held by Mr. Bruce is not a public record as it is not maintained by the school district but is for the sole use of Mr. Bruce. Documents which were already provided to . . . Boulanger including her letter placing her on paid administrative leave and the decision of the superintendent regarding her complaint have already been provided to . . . Boulanger.
>
> INTERROGATORY NO. 5: Please list the factual and legal basis for all of [RRPS']s affirmative defenses.
>
> ANSWER: [RRPS quotes the entirety of Section 14-2-1 setting forth categories of documents which the public does not have the right to inspect under IPRA, including "letters or memoranda that are matters of

---

that included no explanation of the party's argument and no facts that would allow this Court to evaluate the claim).

[4]In response to this interrogatory, RRPS also quotes Section 14-2-1(C) and (F), setting forth categories of documents which the public does not have the right to inspect under IPRA, including "letters or memoranda that are matters of opinion in personnel files or students' cumulative files" and "attorney-client privileged information[.]"

opinion in personnel files or students' cumulative files" and "attorney-client privileged information[.]"]

*See generally* § 14-2-1.

**{10}** RRPS defends its interrogatory answers by arguing that the prelitigation IPRA correspondence RRPS sent in response to Boulanger's IPRA requests set forth its objections and claims of privilege in sufficient detail. However, RRPS does not cite to the prelitigation IPRA correspondence in its responses to interrogatory numbers two, four, or five (the only responses it develops an adequate argument regarding on appeal), and RRPS cites to no authority standing for the proposition that objections and claims of privilege are preserved simply by serving a response to an IPRA request prior to the commencement of a lawsuit. "We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority." *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. There is nothing in the Rules of Civil Procedure prohibiting a party from appropriately referencing specific portions of previous correspondence as a justification supporting properly raised objections and assertions of privilege. However, the rules governing discovery make it clear that the party opposing discovery must specify the basis for each objection and claim of privilege, connect those objections and claims of privilege to specific documents either withheld or produced, and explain which objections and assertions of privilege apply to which interrogatory. *See* Rules 1-026(B), 1-033(C)(1), (4); *see also Piña v. Espinoza*, 2001-NMCA-055, ¶¶ 20-22, 24, 130 N.M. 661, 29 P.3d 1062 (stating that the resisting party "must assert the . . . privilege with sufficient detail so that [the requesting party], and ultimately the [district] court, may assess the claim of privilege as to each withheld communication" (emphasis omitted)); *cf. Hartman v. Texaco Inc.*, 1997-NMCA-032, ¶¶ 18-25, 123 N.M. 220, 937 P.2d 979 (discussing the detail necessary for a party to properly claim a privilege); *see also Piña*, 2001-NMCA-055, ¶ 25 ("We expressly disapprove of the practice of permitting the proponent of a privilege to rely on an initial conclusory assertion of a privilege and to gradually unveil the basis for her claims of privilege."). Prelitigation correspondence cannot possibly state adequate objections and assertions of privilege under the requirements of these rules where a party fails to reference the correspondence in its answers to discovery, and for this reason, we decline to review the content of the prelitigation IPRA correspondence, and we reject RRPS's argument on this front.

**{11}** Second, RRPS defends its interrogatory answers by arguing that its references to the IPRA statute set forth its objections and claims of privilege in sufficient detail. We disagree. RRPS's answers to interrogatory numbers two, four, and five do assert that "matters of opinion" and "attorney-client privileged information" are not subject to disclosure under IPRA. However, RRPS does not sufficiently object to the interrogatories. RRPS's answer to interrogatory number two appears to do no more than state the original basis for withholding documents in response to Boulanger's IPRA requests. It arguably states objections to producing "matters of opinion" and/or "attorney-client privileged information", but it fails to specify which objections apply to which documents. *See* Rule 1-033(C)(4) ("All grounds for an objection to an

interrogatory *shall be stated with specificity*." (Emphasis added). RRPS asserts the basis for some of its defenses in its answer to interrogatory number five, but once again fails to explain which objections apply to which documents. In its response to interrogatory number four, RRPS either contends that relevant documents were produced or do not exist.

**{12}** The only specific document identified and possibly linked to an objection is "[t]he 'working file' held by Mr. Bruce[.]" With respect to this document, RRPS asserts that the document was not produced because it is "not a public record." While this objection does connect a specific objection to one specific document, the objection is moot given that RRPS fails to develop an argument that it adequately stated objections and assertions of privilege in its responses to the requests for production seeking the actual documents that RRPS withheld, including "[t]he 'working file' held by Mr. Bruce." Accordingly, we hold that the district court did not abuse its discretion in finding that RRPS waived its objections and privileges.

### III. RRPS Waived its Objection That Boulanger's Discovery Requests Exceeded the Scope of the Original IPRA Requests

**{13}** RRPS notes that the underlying action is a lawsuit premised upon allegations that RRPS failed to comply with IPRA, and accordingly argues that the district court erred in compelling production, which RRPS claims exceeded the scope of the original IPRA requests. RRPS's brief in chief does raise an argument on appeal with respect to Boulanger's requests for production—it specifically alleges that the scope of the requests for production exceeded Boulanger's prelitigation IPRA requests. However, we need not decide whether the district court abused its discretion because RRPS waived this objection below.

**{14}** Nothing in the Rules of Civil Procedure automatically limits discovery to what must be disclosed under IPRA.[5] It was certainly possible for RRPS to argue that the documents Boulanger sought through discovery were irrelevant because they exceeded the scope of IPRA. However, pursuant to the Rules of Civil Procedure, RRPS had "the burden to clarify and explain its objections and to provide support therefor." *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 267, 96 N.M. 155, 629 P.2d 231 (internal quotation marks omitted). The Rules of Civil Procedure make it clear that this burden must be met at the time a party responds to a request for production. *See* Rule 1-034(B) NMRA ("The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is

---

5We have already held that it is the Rules of Civil Procedure, and not IPRA, that control the outcome of the discovery dispute between the parties. *See* Rule 1-00l(A) NMRA. The Rules of Civil Procedure "intend a liberal pretrial discovery, to enable the parties to obtain the fullest possible knowledge of the facts before trial." *Marchiondo v. Brown*, 1982-NMSC-076, ¶ 13, 98 N.M. 394, 649 P.2d 462; *see also Villalobos*, 2014-NMCA-044, ¶ 14 (stating the "parties may obtain discovery of any information, not privileged, which is relevant to the subject matter involved in the pending action"(alteration, internal quotation marks, and citation omitted)). In addition, "[t]he information sought need not be admissible at the trial if the information sought *appears reasonably calculated to lead to the discovery of admissible evidence*." *Id.* (emphases added) (internal quotation marks and citation omitted).

objected to, including an objection to the requested form or forms for producing electronically stored information, stating the reasons for objection. If objection is made to part of an item or category, the part shall be specified."); *see also United Nuclear*, 1980-NMSC-094, ¶ 267 ("[B]ald assertions that production of the requested information would violate a privilege (provided by law) is not enough. The party resisting discovery has the burden to clarify and explain its objections and to provide support therefor. General objections without specific support may result in waiver of the objections." (internal quotation marks and citations omitted)).

**{15}**    RRPS's responses to the requests for production do not include any objections that the request exceeded the scope of the original IPRA request, nor does RRPS assert that the requests for production were not reasonably calculated to lead to the discovery of admissible evidence. Indeed, RRPS acknowledges that it only raised such issues in its third affirmative defense to the complaint, and in its response to Boulanger's motion to compel discovery responses from RRPS and memorandum in support thereof. Given that RRPS failed to raise specific objections to the scope of Boulanger's request for production when responding to them, we need not decide whether the district court abused its discretion in granting the motion to compel RRPS to produce documents that exceeded the scope of the original IPRA requests.

**{16}**    RRPS also argues that the district court abused its discretion by failing to require RRPS to produce a privilege log and then conduct an in camera review before ordering disclosure. We reject this argument. We acknowledge that we have encouraged district courts to conduct an in camera review where appropriate, when determining if documents are responsive or if a privilege applies. *Am. Civil Liberties Union of N.M. v. Duran*, 2016-NMCA-063, ¶ 45, 392 P.3d 181. However, district courts are vested with broad discretion when it comes to adjudicating discovery disputes. *Cf. Villalobos*, 2014-NMCA-044, ¶ 16 (noting that "the [district] court is vested with discretion in determining whether to limit [or permit] discovery"). Accordingly, "while courts may utilize in camera review of documents . . . it is not required in every circumstance." *N.M. Found. for Open Gov't v. Corizon Health*, 2020-NMCA-014, ¶ 23, 460 P.3d 43, *cert. denied*, 2019-NMCERT-012.

**{17}**    In this case, RRPS did not offer to produce a privilege log or suggest an in camera review until the day of the hearing on Boulanger's motion to compel. Further, RRPS's belated offer to produce a privilege log and allow an in camera review followed on the heels of a specific assertion that a privilege log was unnecessary in its response to the motion to compel.[6] RRPS contends that the Rules of Civil Procedure do not

---

6As the district court noted during the hearing, RRPS was free to suggest either option to opposing counsel or the district court at an earlier date:

> MS. SALAZAR: If that is the order of the [c]ourt, we are more than happy to provide a privilege log, or an in camera review, and the [c]ourt can review and see what is privileged and what is not.
> THE COURT: Why couldn't that have been done before this hearing? Why couldn't . . . [RRPS] say, we need more time, because we are going to create a privilege log and show which documents are related to privilege and which documents we believe should be withheld?

require a party to produce a privilege log to preserve a claim of privilege or other ground for nondisclosure, but then paradoxically blames the district court for failing to order a privilege log and in camera review. While it is true that the Rules of Civil Procedure do not require proponents of a privilege or objection to use any specific language when setting forth objections and asserting privileges, RRPS ignores the fact that the "party resisting discovery has the burden to clarify and explain its objections and to provide support therefor." *United Nuclear*, 1980-NMSC-094, ¶ 267 (internal quotation marks and citation omitted). The Rules of Civil Procedure provide a wide range of options to parties looking to support objections and assertions of privilege, including good faith attempts to resolve discovery disputes, privilege logs, in camera review, protective orders, or other means "as required by the circumstances of a particular case." *Piña*, 2001-NMCA-055, ¶ 28; *id.* ¶ 20 (stating that "in camera inspection has its place in the scheme established by Rule 1-026(B)"); *see* Rule 1-026(C) (outlining the procedures for protective orders); Rule 1-026, comm. cmt. ("It is desirable that a party comply with the provisions of Rule 1-026(B)(7)(a) by producing a privilege log of any information being withheld from discovery on the grounds of privilege."); Rule 1-037(A)(4) NMRA (requiring counsel to make good faith efforts to resolve discovery disputes). The fact that the rules do not require a proponent of an objection or assertion of privilege to take any *specific action* does not absolve RRPS from taking *some action* sufficient to support, clarify, and explain, objections and assertions of privilege. RRPS's attempt to blame the district court for failing to take actions which were available to RRPS from the moment discovery began is an inappropriate attempt to shift blame away from its own failure to meet its discovery burdens.

**{18}** Given the delay that requiring a privilege log and conducting an in camera review would have entailed, and given that RRPS did not propose these options to the court prior to the hearing on the motion to compel, we cannot say that the district court abused its discretion by requiring RRPS to provide full responses to Boulanger's discovery requests. This is particularly true in light of the fact that RRPS waived the objections and privileges for which it sought to create a privilege log and request in camera review. *Cf. Hartman*, 1997-NMCA-032, ¶ 25 (concluding that the district court did not abuse its discretion in ordering production because the resisting party failed to carry its burden to show that the work-product doctrine applied to each document).

### IV. RRPS Fails to Develop and Support Its Argument That the District Court Abused Its Discretion By Ordering "Statutory Damages" and Ordering RRPS to Pay Boulanger's Attorney Fees

**{19}** RRPS argues that the district court's order on contempt awarding statutory damages and attorney's fees should be reversed because RRPS asserts that the order does not comply with recent appellate rulings on damages, nor on proper proceedings for contempt. Specifically, RRPS claims that the district court abused its discretion when it required RRPS to pay $100 each day that responsive documents were withheld and ordered RRPS to pay Boulanger's attorney fees incurred in connection with obtaining the order holding RRPS in contempt.

**{20}**    RRPS's assertion that the district court awarded "statutory damages," as opposed to sanctions for contempt, is contradicted by the fact that the order makes no mention of "statutory damages" or IPRA, and RRPS does not explain how it reached the conclusion that the district court awarded statutory damages, nor does it cite to any specific portion of the record indicating that the district court awarded damages rather than sanctions. *See* Rule 12-318(A)(4) (stating an appellant's brief shall contain "an argument which, with respect to each issue presented, shall contain . . . the contentions of the appellant . . . with citations to authorities, record proper, transcript of proceedings, or exhibits relied on"). In the absence of further argument and support, we are unpersuaded.

**{21}**    Second, RRPS asserts that the district court erred in finding that procedural discovery rules took precedence over the statutory protections the legislature had incorporated into IPRA. To reiterate, we have already clarified that the Rules of Civil Procedure do indeed govern this case. *See* Rule 1-001(A) (specifying that the Rules of Civil Procedure apply to "all suits of a civil nature . . . [unless] there are contrary statutory provisions concerning special statutory or summary proceedings"). RRPS's argument proceeds to cite to case law discussing custodian of record obligations under IPRA, but these citations are irrelevant. We clarify once again that this appeal does not address the adequacy of RRPS's prelitigation IPRA correspondence, an issue that the district court has yet to address. In addition, although the heading preceding RRPS's arguments states that the district court's ruling "does not comply with . . . recent appellate rulings on . . . contempt," RRPS fails to actually include any argument that the district court exceeded its contempt powers, and we need not address an argument that is not properly developed and backed by authority. *See Corona*, 2014-NMCA-071, ¶ 28 ("This Court has no duty to review an argument that is not adequately developed."); *ITT Educ. Servs., Inc. v. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (holding that where a party cites no authority for a proposition it will not be considered on appeal).

**V.    RRPS Fails to Develop and Support Its Argument That the District Court's Order Directing RRPS Not to Charge Counsel for Certain Services Was Arbitrary and Capricious**

**{22}**    In a related argument, RRPS asserts that the portion of the contempt order directing RRPS not to charge for services rendered by RRPS's counsel is arbitrary and capricious. RRPS fails to develop an argument that the district court's sanctions exceeded the scope of its contempt power. We do not have a "duty to review an argument that is not adequately developed." *Corona*, 2014-NMCA-071, ¶ 28. Moreover, RRPS cites to only one case, *Paternoster v. La Cuesta Cabinets, Inc.* in support of its argument, and this case does not stand for the proposition that a district court exceeds its contempt power by ordering a party not to bill its attorneys for reviewing documents. *See* 1984-NMCA-097, ¶ 27, 101 N.M. 773, 689 P.2d 289 ("Judicial discretion is an equitable determination of what is just and proper under the circumstances; judicial discretion is abused when the action taken is arbitrary and capricious."). Where a party cites no authority for a proposition, it will not be considered on appeal. *ITT Educ. Servs.,*

*Inc.*, 1998-NMCA-078, ¶ 10. For the foregoing reasons, we decline to reverse any portion of the district court's order holding RRPS in contempt.[7]

**CONCLUSION**

**{23}**   We affirm.

**{24}   IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**

---

[7]Finally, RRPS asks us to clarify whether the district court has ruled that RRPS has waived all claims of exemption and privilege including with respect to documents not yet produced. We decline to do so. A second motion for order to show cause remains pending before the district court and the RRPS may raise this issue with the district court following resolution of this appeal.